# HUNTER *v.* DISTRICT OF COLUMBIA.

INFORMATION; SUFFICIENCY.

An information charging defendants with congregating and assembling on a certain avenue, and then and there crowding, obstructing, and incommoding the free use of the sidewalk thereof, contrary to and in violation of a specified act of Congress, is insufficient, though drawn in the language of the statute, because it fails to set out the facts constituting the offense with sufficient clearness to apprise defendants of the charge they are to meet, or to inform the court of their sufficiency to sustain a conviction.

No. 3121.    Submitted January 8, 1918.    Decided March 4, 1918.

HEARING on an appeal from a judgment of the Police Court of the District of Columbia, convicting the defendants of the crime of unlawful assembly.     *Reversed and remanded.*

The COURT in the opinion stated the facts as follows:

Plaintiffs in error, Gertrude Stansolaus Hunter, Clara Kinksley Fuller, Mary M. Lockwood, Kate Jane Boeckh, Pauline F. Adams, Margaret McIntyre Fortheringham, hereafter, for convenience, referred to as defendants, were convicted in the police court of the District of Columbia of the crime of unlawful assembly, under the Act of Congress of July 8, 1898 (30 Stat. at L. 723, chap. 638), being entitled "An Act for the preservation of the Public Peace and Protection of Property in the District of Columbia," and providing, among other things, "that it shall not be lawful for any person or persons within the District of Columbia to congregate and assemble in any street, avenue, alley, road, or highway, or in or around any public building or inclosure, or any park or reservation, or at the entrance of any private building or inclosure, and engage in loud and boisterous talking or other disorderly conduct, or to insult or make rude or obscene gestures

or comments or observations on persons passing by, or in their hearing, or to crowd, obstruct, or incommode the free use of any such street, avenue, alley, road, highway, or any of the foot pavements thereof, or the free entrance into any public or private building or inclosure."

*Mr. Matthew E. O'Brien* and *Mr. Dudley Field Malone,* for the plaintiffs in error, in their brief cited:

*Ainsworth* v. *United States,* 27 App. D. C. 332; 27 Am. & Eng. Enc. Law, 695; 1 Arch. Cr. Pr. & Pl. 261; *Barnes* v. *La Grange,* 17 Tex. 415; *Beatty* v. *Gillbanks,* L. R. 9 Q. B. Div. 308; *Callen* v. *Wilson,* 127 U. S. 549, 557; *Com.* v. *Bean,* 14 Gray, 52; *Com.* v. *Clifford,* 8 Cush. 414; *Com.* v. *Filburn,* 119 Mass. 297; *Com.* v. *Shedd,* 7 Cush. 514; *Ex parte Wong You Ting,* 106 Cal. 8; *Geist* v. *United States,* 26 App. D. C. 332; *Greeley* v. *Passaic,* 42 N. J. L. 429; *Re Fife,* 110 Cal. 296; *Nation* v. *District of Columbia,* 34 App. D. C. 332; *O'Kelly* v. *Harvey,* L. R. 10 Ir. 295; *Plympton* v. *Somerset,* 33 Vt. 283; *People* v. *Judson,* 1 Daly, 83; *People* v. *Most,* 128 N. Y. 108; *People* v. *Cox,* 76 N. Y. 47; *Reg.* v. *Vincent,* 9 Car. & P. 91; *Reg.* v. *King,* L. R. 7 Q. B. 782; *Rey* v. *Manchester,* 46 N. H. 59; *Smith* v. *San Antonio,* 17 Tex. 643; *State* v. *Peterson,* 41 Vt. 523; *State* v. *Trenton,* 51 N. J. L. 498; *Tyner* v. *U. S.* 23 App. D. C. 324; *United States* v. *Capital Traction Co.* 34 App. D. C. 592; *United States* v. *Carll,* 105 U. S. 611; *United States* v. *Cook,* 17 Wall. 174; *United States* v. *Britton,* 108 U. S. 199; *United States* v. *Cruikshank,* 92 U. S. 542; *United States* v. *Hess,* 124 U. S. 483; *United States* v. *Howell,* 11 Wall. 432; *United States* v. *Mills,* 7 Pet. 142; *United States* v. *Simmons,* 96 U. S. 611.

*Mr. Conrad H. Syme,* Corporation Counsel, *Mr. Francis W. Stephens,* and *Mr. Ringgold Hart,* Assistants, for the defendant in error.

·Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The information, the sufficiency of which is questioned,

charged that defendants "did congregate and assemble on Pennsylvania avenue, N. W., did then and there crowd, obstruct, and incommode the free use of the sidewalk thereof on said avenue. Contrary to and in violation of an act of Congress in such case made and provided, and constituting a law of the District of Columbia."

It is urged by counsel for the District of Columbia, in support of the sufficiency of the information, that it is drawn in the language of the statute. This is by no means an infallible rule of criminal pleading. The statute here describes only the nature of the offense prohibited in general terms. Its mere repetition in the information, without averments disclosing the particulars of the alleged offense, states nothing upon which an issue can be formed. Unlawful assembly is a statutory offense in this District, but the strict rule of conforming to the language of the statute as to offenses purely statutory has its exceptions. "Where the offense is purely statutory, having no relation to the common law, it is, 'as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter.' 1 Bishop, Crim. Proc. sec. 611, and authorities there cited. But to this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defense, and plead the judgment as a bar to any subsequent prosecution for the same offense. An indictment not so framed is defective, although it may follow the language of the statute." *United States* v. *Simmons,* 96 U. S. 362, 24 L. ed. 820.

So far as the information enlightens us, the defendants may have assembled for a perfectly lawful purpose, and, though to a degree obstructing the sidewalk, not be guilty of any offense. Unlawful assembly has a well-defined meaning. At common law, if three or more persons assembled for a purpose which, if executed, would constitute a rout or riot, but separated without carrying out their purpose, it constituted unlawful assem-

bly. *State* v. *Stephanus,* 53 Or. 135, 99 Pac. 428, 17 Ann. Cas. 1146; *People* v. *Most.* 128 N. Y. 108, 26 Am. St. Rep. 458, 27 N. E. 970. "Unlawful assembly, rout, and riot are cognate offenses. At common law if three or more persons meet on a purpose which if executed, would make them rioters, and, having done nothing, separate without carrying their purpose into effect, it is an unlawful assembly; but if an unlawful assembly moves forward toward the execution of its unlawful design, it becomes a rout; and if the design is carried into actual execution it constitutes a riot." 8 R. C. L. p. 352.

It follows, therefore, that at common law the mere act of assembling was not unlawful, unless it was for an unlawful purpose. Neither is a peaceable assembly unlawful under the present statute. It does not condemn the mere act of assembling on the street, but prohibits assembling and congregating, coupled with the doing of the forbidden acts. In other words, at common law the assembly must be for an unlawful purpose, and when three or more persons so assembled the offense was complete without the commission of any additional overt criminal act; but here it requires both the assembly and the commission of one of the acts forbidden by the statute to constitute unlawful assembly. Both the assembling and the overt act are essential to make the offense. It would hardly be contended, therefore, that if defendants had met on one of the spacious sidewalks of Pennsylvania avenue to conduct a peaceable conversation, though in a degree inconveniencing pedestrians, they would be guilty, under the statute, of crowding and obstructing the free use of the walk.

The information is defective in that it fails to set out the acts committed by the defendants which constituted the crowding and obstructing of the free use of the walk by them. It is elementary that an information or indictment must set out the facts constituting the offense, with sufficient clearness to apprise the defendant of the charge he is expected to meet, and to inform the court of their sufficiency to sustain the conviction. "The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his

conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone." *United States* v. *Cruikshank,* 92 U. S. 542, 558, 23 L. ed. 588, 593.

These safeguards of criminal pleading, inherited from the common law, were regarded of sufficient importance for the proper protection of the citizen to justify an incorporation of the rule into our fundamental law. "The 6th Amendment to the Constitution of the United States, among other things, provides that in all criminal prosecutions, the accused shall 'be informed of the nature and cause of the accusation.' In other words, when the accused is led to the bar of justice, the information or indictment must contain the elements of the offense with which he is charged, with sufficient clearness to fully advise him of the exact crime which he is alleged to have committed." *United States* v. *Capital Traction Co.* 34 App. D. C. 592, 595, 19 Ann. Cas. 68.

In the present case, there is nothing to inform defendants of the nature of the acts which are relied upon by the prosecution as constituting alleged obstruction of the sidewalk, or that would enable defendants to make an intelligent defense, much less to advise the court of the sufficiency of the charge in law to support a conviction. For aught that appears in the information, the court could assume that defendants were creating a riot or menacing the safety of pedestrians. The information is too vague, general, and uncertain to meet the requirements of the established rules of criminal pleading, and is, therefore, insufficient in law.

The judgment is reversed, with costs, and the case remanded with directions to dismiss the information.

*Reversed and remanded.*