## BAILEY v. UNITED STATES.
### No. 7088.

United States Court of Appeals for the District of Columbia.

Argued April 4, 1938.

Decided May 23, 1938.

F. Joseph Donohue and E.,Russell Kelly, both of Washington, D. C., for appellant.

Arthur B. Caldwell, Asst. U. S. Atty., of Washington, D. C.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON, Associate Justices.

PER CURIAM.

Appellant was convicted in the Police Court of the District of Columbia of the offense of soliciting prostitution.[1] Her demand for a jury trial was denied, and upon her conviction she was sentenced to serve a term of sixty days in the Washington jail. The question is: Was appellant, for the alleged offense of soliciting prostitution, entitled, on her demand, to trial by a jury?

The applicable statute[2] provides that prosecutions in the Police Court shall be on information and that the accused shall be entitled to a jury trial wherever a jury trial is guaranteed by the Constitution of the United States, but that where there is no constitutional requirement of jury trial the case shall be tried by the judge, unless the fine may exceed $300 or imprisonment as punishment for the offense may exceed ninety days, in which case the accused shall be entitled, on demand, to a jury trial.

On this appeal appellant insists that the offense of which she was accused is one which entitled her to a jury trial under the provisions of Art. 3, Sec. 2, Clause 3, of the Constitution of the United States.

In Clawans v. District of Columbia, 66 App.D.C. 11, 84 F.2d 265, we expressed some views on the right of an accused to demand jury trial under the District of Columbia statute in cases where the offense is punishable by as much as ninety days' confinement in jail, and we said that so much punishment took the case out of the category of petty cases and required trial by jury. The Supreme Court held (300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843) that such a penalty did not of itself give the offense the character of a crime within the intent of the Constitution, and that a jury trial was rightly denied. The same answer must be made in this case unless the offense charged here is within the class or grade of crimes triable at common law by a jury for, as the Supreme Court has many times said, the constitutional guaranty of jury trial, which appellant invokes, must be interpreted in the light of the common law. Schick v. United States, 195 U.S. 65, 69, 24 S.Ct. 826; 49 L.Ed. 99, 1 Ann.Cas. 585, and cases cited there.

Although this case was argued on the theory that appellant was charged with the offense of common prostitution, the fact is otherwise. She is charged under a statute which makes it an offense to invite, entice, or persuade a person in or upon a public street in the District of Columbia to accompany her to her residence for the purpose of prostitution or any other immoral or lewd purpose. She is not charged with the offense of prostitution. Perhaps a more common designation of the offense charged would be "street-walking," which is ordinarily punished as disorderly conduct or indecent behavior on the public highway. This offense, and many other minor offenses contrary to public morals, safety, welfare, or health, are universally punished summarily, often being treated and punished as vagrancy. And they have been so punished in this country from Colonial times. See 39 Harv.L.Rev. 917, and appendices, p. 983, et seq.; State v. Glenn, 54 Md. 572. But, altogether aside

---

[1] Supp. III, D.C.Code 1929, T. 6, Sec. 177a:
"It shall not be lawful for any person to * * * persuade * * * any person or persons, in or upon any avenue, street, road, highway, open space, 'alley, public square, or inclosure in the District of Columbia, to accompany, go with, or follow him or her to his or her residence, * * * for the purpose of prostitution, * * * under a penalty of not more than $100 or imprisonment for not more than ninety days, or both. * * * "

[2] D.C.Code 1929, T. 18, Sec. 165.

308

from this distinction, we have been referred to no case, nor have we found one ourselves, in which prostitution was held to be an indictable offense at common law. In Regina v. Howell and Bentley, 4 F. & F. 161, 176 Eng.Rep. 513, a case in which the defendants were charged with inducing a girl to become a prostitute, Bramwell, B., said:

"The argument for the prisoners is, that the thing brought about is not the subject of indictment. I believe that is true. A common prostitute while plying her unhappy vocation in the streets is subject to be treated as a vagrant, and is found guilty frequently under the Vagrant Act, but is not found guilty of common prostitution. I believe that it is not an offence at common law for a woman to be a common prostitute."

Solicitation for immoral purposes and riotous or indecent behavior by a prostitute in a public place are still punishable summarily in England as acts of vagrancy. Stone's Justices' Manual (70th Ed. 1938), sec. n. Vagrants, p. 2003 et seq. In Commonwealth v. Cook, 1846, 12 Metc. 93, 53 Mass. 93, 97, the Supreme Judicial Court said:

"No * * * legal definitions of the term 'prostitution' are to be found; offences of this nature not being the subject of punishment by the common law tribunals."

The reason why prostitution was not punishable in common law tribunals was that the statute of Circumspecte agatis, 13 Edw. I (2 Bac.Abr.Title "Ecclesiastical Courts", D, p. 716, 727) forbade the judges of the common law courts to interfere with the Courts Christian in punishing the offenses of the incontinent. See opinion of Lord Mansfield in Rex v. Delaval, 1763, 3 Burr. 1434, 1438, 97 Eng.Rep. 913, 915. Thus at common law mere incontinent acts were not indictable, and it was only when immoral conduct became offensive by its publicity that the common law courts assumed jurisdiction to punish it. See Anderson v. Commonwealth, 1826, 5 Rand. 627, 26 Va. 627, and note page 633, 16 Am. Dec. 776. We are of opinion that the act of prostitution, unattended by circumstances making it a public nuisance, was not an offense indictable at common law, so as to entitle a person accused thereof to a trial by jury under the Constitution of the United States.

In the present case the statute condemns only solicitation on the streets, as an act of public immorality, and has no reference to the doing of any other illicit or immoral act. The amount of punishment, as the Supreme Court held in the Clawans Case, is not enough to put it in the class of crimes; so that neither the nature of the offense nor the amount of the punishment brings the prosecution within the limits of the constitutional guaranty of a jury trial.

Affirmed.