**WILSON v. DISTRICT OF COLUMBIA.**

No. 762.

Municipal Court of Appeals for the District of Columbia.

March 24, 1949.
Rehearing Denied April 4, 1949.

---

Saul G. Lichtenberg, of Washington, D. C. (Griffin A. McGinn, of Washington, D. C., on the brief), for appellant.

Edward A. Beard, Asst. Corp. Counsel, of Washington, D. C. (Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appellant was charged with being a vagrant as a person who frequents and is employed in a house of ill fame and who engages in and commits acts of fornication for hire.[1] She was tried by a judge and convicted, and now brings this appeal.

According to Government witnesses, three members of the Metropolitan Police Department entered premises 1117 9th Street, Northwest, in execution of an arrest warrant, one night shortly after midnight. In one room they found three women, two of whom were admitted prostitutes. In another room they found appellant in a compromising position with a man, and also found certain incriminating evidence of a nature not necessary to recite here. The officers testified that they took appellant into the front room of the house where the other women were and that appellant, on questioning, admitted prospective intimacy with the man found in the room with her. In the presence and hearing of appellant who remained silent, the operator of the house reported that she had been operating a house of ill fame there for about six weeks. When asked where she obtained the new girls (indicating appellant as one) the woman said that they were "friends who had come to visit her." To this statement appellant also remained silent. There was no evidence of any money found in the presence of appellant

---

[1] Code 1940, Supp. VI, § 22—3302(4), defines as a vagrant: "Any person who keeps, operates, frequents, lives in, or is employed in any house or other establishment of ill fame, or who (whether married or single) engages in or commits acts of fornication or perversion for hire."

or in the room where she had been apprehended. This testimony of the police officers comprised the Government's case.

On her own behalf appellant took the stand and testified that she had for some time known the man who was found with her and that she had invited him to the house. She denied that she was a prostitute and that she had accepted any money from him or expected any. She also testified that she had returned to Washington a short time before her arrest "and was living at 1117 9th Street, N. W."—the address named in the information.

■■ Appellant assigns as error the refusal of the trial judge to grant her motion for a finding of not guilty at the conclusion of the Government's case. But the record does not show that such a motion was made. Even if made, however, it was waived when she offered testimony in her own behalf.[2]

■■ Appellant's chief contention seems to be that the court erred in basing conviction on the fact that she was committing acts of fornication for hire when there had been no direct proof of such. This contention is without merit, the case falling clearly within the principles stated in District of Columbia v. Hunt, 82 U.S. App.D.C. 159, 163 F.2d 833. There it was stated, relative to the Vagrancy Statute and to the same section thereof here charged, that where the legislative definition of a crime sets forth a number of acts disjunctively, the commission of any one of which being a violation of the statute, "the prosecution may in a single count of an indictment or information charge several or all of such acts in the conjunctive and under such charge make proof of any one or more of the acts, proof of one alone, however, being sufficient to support a conviction." Hence the Government's failure to prove expressly that she engaged in acts of fornication or perversion for hire is not fatal to the prosecution, so long as proof of the other violation is sufficient to sustain the conviction.

The objection to the proof of the other violation here, that of frequenting or being employed in a house of ill fame, is that the verdict rests in part on hearsay evidence and on the silence of appellant when confronted with an accusation of "visiting" the house from which acquiescence in the statement was presumed.

■ It is true that the statements made by the operator of the house in appellant's presence while they both were under arrest, to the effect that appellant was visiting her, and that she was operating a house of ill fame, were hearsay.[3] But such statements were received without objection, and the trial judge had a right to consider them along with defendant's silence. We are told that appellant did not deny that statements at the time, because she was nervous and upset. But no such evidence was presented in the trial court. Even if it had been, it would still have been only a part of the factual picture, to be weighed along with all the other evidence by the trier of the facts.

■■ Furthermore, appellant's own admission not only to the officers but at the trial that she "was living" at the premises, which was shown to be a house of ill fame, was sufficient to establish her guilt of "frequenting" such an establishment. It can hardly be claimed that one who lives in a house does not frequent it. One of the dictionary definitions of the word is "to be in often."

Counsel argues that because appellant had not accepted any money from her visitor or expected any from him she should have been acquitted. But she was not charged with prostitution. The charge was vagrancy, and as we pointed out earlier, proof of one of the charges is sufficient to uphold a conviction.

Affirmed.

[2] Rogers v. District of Columbia, D.C. Mun.App., 31 A.2d 649.

[3] See Skiskowski v. United States, 81 U.S.App.D.C. 274, 158 F.2d 177, certiorari denied Quinn v. United States, 330 U.S. 822, 67 S.Ct. 769, 91 L.Ed. 1273, rehearing denied 331 U.S. 870, 67 S.Ct. 1749, 91 L.Ed. 1872; Yep v. United States, 10 Cir., 83 F.2d 41; McCarthy v. United States, 6 Cir., 25 F.2d 298, 299.