## HAWKINS v. UNITED STATES.

### No. 1455.

Municipal Court of Appeals for the
District of Columbia.

Argued May 3, 1954.

Decided May 26, 1954.

De Long Harris, Washington, D. C., for appellant.

Harold H. Greene, Asst. U. S. Atty., Silver Springs, Md., with whom Leo A. Rover, U. S. Atty., Lewis A. Carroll and Fred L. McIntyre, Asst. U. S. Attys., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Having been convicted of soliciting for prostitution, Code 1951, 22–2701, defendant appeals and contends (1) that there was error in requiring her to go to trial in the absence of her attorney, and (2) that the statute is unconstitutional.

1. When defendant was first brought into court Mr. Roosevelt Page appeared with her and identified himself as her counsel. He asked and was granted a continuance of thirteen days in order that defendant might retain Mr. Leon Williams as her attorney. When the case was called for trial the second time (November 19, 1953) Mr. Williams left word that he would be in another court and would return for this case later in the day. He did not do so, and at the end of that court day the judge continued the case for another eight days (to November 27), first warning defendant

that the case would have to be finally disposed on that date.

The record recites that when the case was called on the morning of November 27, "the defendant and Mr. Page were present, but Mr. Williams was not." The statement of evidence continues: "Mr. Page informed the Court that he was not authorized by the defendant to conduct her defense and that Mr. Williams was then engaged in the United States District Court for the District of Columbia and that he believed that Mr. Williams would be present in the United States Branch of the Municipal Court later in the day." (Two months after judgment affidavits were filed to a different effect: it was then recited that Mr. Williams' secretary had told a deputy marshal by telephone that morning that Mr. Williams was "on a case in Virginia," and wished the case continued. Mr. Williams did not make an affidavit or otherwise reveal to the court where he had been on the trial date.)

The case was passed over until after the luncheon recess and the judge then told defendant she would have to get another lawyer.[1] After all other cases on that day's calendar had been disposed of, this case was called again, the judge told defendant it would not be continued further and appointed an attorney "to counsel with, advise and represent the defendant." After conferring with defendant that attorney reported to the judge that defendant had refused his services and that she persisted in her desire to be represented by Mr. Williams. The judge then ordered that the case proceed to trial, defendant offered no evidence and a conviction followed.

■■ Counsel builds an argument along constitutional lines and asks us to rule that defendant was unlawfully "deprived of the

right to counsel of her own choice." The cases he cites, including some from the Supreme Court,[2] are not here applicable. The real question is whether having granted two continuances the trial court abused its discretion in refusing to grant a third one. That the judge did more than he was required to do in attempting to locate Mr. Williams and get him into court is abundantly clear from the record. And the affidavits brought into the record two months after trial and sentence do not help appellant's case. The earlier report made to the judge in open court was that Mr. Williams was engaged in the United States District Court here, and that report was untrue. The later claim by affidavit to the effect that Mr. Williams was "on a case in Virginia" did not even purport to say whether it was an actual court case, or furnish any other information which would have required that the judge entertain defendant's motion for a continuance. In a similar factual situation we have said: "We repeat that an accused is entitled to an opportunity to secure counsel of his own selection, and, if for good cause such counsel cannot appear on the day set for trial, the accused is entitled to a continuance in order that such counsel may represent him. But we also say that the orderly dispatch of court business is not to be upset and delayed by an attorney whose actions, so far as disclosed by the record, indicate an indifference to his duties to both his client and the court. The right to select counsel of one's choice does not carry with it the right of that counsel to select the time of trial." Tolbert v. United States, D.C.Mun.App., 55 A.2d 91, 94, appeal denied by U. S. Court of Appeals January 14, 1948. On the basis of that decision and others to the same general effect,[3] we rule that there was no error in refusing a further continuance.

1. There is considerably more in the record as to the efforts of the judge to locate Mr. Williams, but we need not recite it here.

2. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158.

3. See Smith v. United States, 53 App.D.C. 53, 288 F. 259; Newagon v. Swope, 9 Cir., 183 F.2d 340, certiorari denied 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665; Slaughter v. United States, D.C.Mun.App., 60 A.2d 700; Id., D.C.Mun.App., 65 A.2d 570.

2. Appellant's second contention is that the statute under which she was convicted "sets up no ascertainable standard of guilt, is so vague, indefinite and general as to violate the rights of appellant under Amendment V of the Constitution." She cites no case construing a similar statute, and we are completely satisfied that this statute is clear in language and purpose, free of ambiguity, and that it lays down a definite and easily understandable standard of criminal liability. The particular words here applicable make it a crime "to invite, entice, persuade * * * any person * * * for the purpose of prostitution * * *.". That was the crime the government alleged, and defendant could not have had any question as to why she was brought into court, or against what charge she was required to defend. The argument of unconstitutionality is completely untenable.

Affirmed.