Aaron and Jeanette ISKOVITZ, Appellants,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 1870.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 10, 1956.

Decided Oct. 5, 1956.

William E. Baff, Washington, D. C., for appellants.

Hubert B. Pair, Asst. Corp. Counsel, with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, Milton D. Korman and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges; and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

Defendants appeal from a conviction of failure to comply with the Plumbing Regulations after statutory notice.[1] Their principal contention is that the information was insufficient because it omitted to state that the notice required the work to be completed within a specified time.

It was admitted that notice had been issued and served by the proper authorities on April 18, 1956, and the record shows that the information alleging defendants' noncompliance was not filed until June 4. The record contains no affirmative showing that the omission of the time limitation was called to the attention of the trial court. Consequently, the rule applies that formal defects in an information which have not been raised before verdict are cured thereby and cannot be complained of on appeal unless it is apparent that they have resulted in prejudice to the defendants.[2]

There is no such showing of prejudice here. The information set forth the work to be done by defendants and if there was any question as to the time in which it was required to be completed, it was incumbent on them to raise that point at trial. Defendants do not contend that the notice did not adequately advise them of the time within which the work should be done. Their point is merely that the information did not state the time limitation of the notice. We hold that the information sufficiently apprised defendants of the offense. On the record before us we cannot say that the finding of guilt was contrary either to the law or to the evidence, and the conviction must stand.

However, the sentence imposed was $100 or *sixty* days' imprisonment in default of payment of the fine. Section 725 of Title 1 further provides:

"* * * any person * * * shall upon conviction thereof be punishable by a fine of not more than $200 for each and every such offense, or in default of payment of fine, to imprisonment not to exceed *thirty* days." (Emphasis supplied.)

Although not called to our attention by the parties, that part of the sentence relating to imprisonment in default of payment of the fine was excessive and not in accordance with the Code provision. The case will therefore be remanded to the trial court with instructions to vacate the existing sentence and resentence defendants in accordance with the statute.

It is so ordered.

1. Code 1951, 1–725 provides in part: "* * * any person who shall neglect or refuse to comply with the requirements of the provisions of said regulations after ten days' notice of the specific thing required to be done thereunder, within the time limited by the commissioners for doing such work, or as the said time may be extended by said Commissioners, shall upon conviction * * *."

2. Packard v. United States, D.C.Mun.App., 77 A.2d 19.