Henry S. BUSH, Appellant,

v.

UNITED STATES, Appellee.

Nos. 3809–3811.

District of Columbia Court of Appeals.

Argued Nov. 8, 1965.

Decided Jan. 19, 1966.

Marvin J. Brenner, Washington, D. C. (appointed by this court), for appellant.

Geoffrey M. Alprin, Asst. U. S. Atty., with whom John C. Conliff, Jr., U. S. Atty., and Frank Q. Nebeker and Gerald M. Caplan, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant was charged by information with attempted forcible rape, simple assault and threats. The evidence established that he had taken a twelve-year-old girl by force into a janitor's closet in an apartment dwelling, that he had threatened to kill her, and that he was attempting to have sexual intercourse with her when he was surprised by others. A jury found appellant guilty of all three charges and he was given concurrent sentences.

Appellant has filed these appeals, challenging the sufficiency of the informations under which he was charged. Although he was represented by able counsel in the trial court, he made no objection to the informations there, nor did he request a bill of particulars from the government. He now claims for the first time, however, that the failure of the informations to set forth with specificity the essential facts of the offenses, as required by Criminal Rule 6 (a),[1] was a fatal defect requiring the re-

1. Gen.Sess.Crim.Rule 6(a) provides: "The information shall contain a plain, concise and definite written statement of the essential facts constituting the offense charged. * * *"

versal of his convictions. In pertinent part, the informations stated the following:

"* * * that one Henry S. Bush late of the District aforesaid, on the 24th day of October in the year of our Lord, one thousand nine hundred and 64 with force and arms, at the District aforesaid, and within the jurisdiction of this Court, did then and there unlawfully attempt to commit the crime of rape, in violation of Tit. 22 Sec. 2801, against the form of the statute in such case made and provided, and against the peace and Government of the United States of America."

"* * * that one Henry S. Bush late of the District aforesaid, on [October 24, 1964], in the District of Columbia did unlawfully assault Jo Ann Waller against the form of the statute in such case made and provided * *."

"* * * that one Henry S. Bush late of the District aforesaid, on [October 24, 1964], with force and arms, at the District aforesaid, and within the jurisdiction of this Court, did unlawfully make threats of personal violence against the said Jo Ann Waller against the form of the statute in such case made and provided * * *."

An information or indictment is required to perform two primary functions: it should sufficiently apprise the accused of the charge against him so that he might properly prepare his defense, and it should spell out the offense clearly enough to enable him to plead the judgment, whether conviction or acquittal, as a bar in the event of a subsequent prosecution for the same crime.[2] It has also been stated that a corollary purpose served by an information is to inform the court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction.[3] If the information is insufficient for these purposes, the accused may object to it or request a bill of particulars. His failure to do either will not affect his right to challenge the information on appeal if it is totally lacking in the statement of an offense, for a conviction under such an information cannot be upheld.[4] But if the defect in the information is merely that it lacks particularity, the defendant's failure to raise an objection in the trial court constitutes a waiver, and the defect is deemed cured by the verdict, unless some substantial prejudice is demonstrated.[5] As it has been stated, "* * * a verdict will aid the defective statement of a cause, though not the statement of a defective cause."[6]

2. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); Powers v. United States, 75 U.S.App. D.C. 371, 128 F.2d 300, cert. denied 316 U.S. 693, 62 S.Ct. 1300, 86 L.Ed. 1764 (1942); Robles v. United States, D.C.Mun.App., 115 A.2d 303 (1955).

3. Russell v. United States, supra; Powers v. United States, supra.

4. Gen.Sess.Crim.Rule 10(b) (2) provides that "failure of the information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding." People v. Schoeller, 96 Cal.App.2d 61, 214 P.2d 565 (1950); Putnam v. State, 234 Md. 537, 200 A.2d 59 (1964); 5 Am.Jur.2d Appeal and Error § 599 (1962).

5. Gen.Sess.Crim.Rule 10(b) (2) provides: "Defenses and objections based on defects in the * * * information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. * * * Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. * * *" See Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); Iskovitz v. District of Columbia, D.C.Mun. App., 125 A.2d 519 (1956); State v. McClellan, 155 La. 37, 98 So. 748, 31 A.L.R. 527 (1923).

6. Neufield v. United States, 73 App.D.C. 174, 188, 118 F.2d 375, 389 (1941), cert. denied Ruben v. United States, 315 U.S. 798, 62 S.Ct. 580, 86 L.Ed. 1199 (1942).

The offenses with which appellant was charged were spelled out clearly on the faces of the informations. Modern pleading does not require the "prolix, laborious and redundant allegations, well known to an earlier day * * *."[7] The absence of the particular facts constituting the offenses did not prevent the informations from charging the offenses.[8]

The only question then is whether appellant was prejudiced by the lack of particularity of the informations. He has made no showing of any such prejudice in the preparation of his defenses or in the rulings of the trial court. And if he were to be charged again with the same crimes, the entire record would be available to him to show of what offenses he had been convicted.[9] Although the complaining witness's name does not appear in the body of the attempted rape information, her identity would be readily apparent from the other two informations, the evidence, and the list of witnesses found in the attempted rape information itself.[10] The verdict thus cured any lack of particularity which might have been present in the informations.

Appellant makes a further argument that the trial court should have granted his motion for acquittal since the evidence did not prove his guilt beyond a reasonable doubt. This contention is without merit, for the evidence pointed overwhelmingly to appellant's guilt on all three counts.

Affirmed.

7. United States v. Henderson, 73 App. D.C. 369, 373, 121 F.2d 75, 79 (1941); Hagner v. United States, supra; Tonker v. United States, 85 U.S.App.D.C. 369, 178 F.2d 712 (1949); Putnam v. State, supra; People v. Bogdanoff, 254 N.Y. 16, 171 N.E. 890, 69 A.L.R. 1378 (1930).

8. See Tonker v. United States, supra, and People v. Bogdanoff, supra. Appellant's contention that the victim's age should have been specified in the attempted rape information is without merit, as he was charged with forcible rape, not the statutory rape of a minor.

9. Russell v. United States, supra.

10. Trometer v. District of Columbia, 24 App.D.C. 242 (1904).