**Kenneth M. SAMS and William H. Bowman, Appellants,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**Nos. 4634 and 4635.**

District of Columbia Court of Appeals.

Submitted Nov. 4, 1968.

Decided Jan. 8, 1969.

———◆———

William J. Garber, Washington, D. C., for appellants.

Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, Richard W. Barton and Lewis D. Clarke, Asst. Corp. Counsels, were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

PER CURIAM:

Each appellant, at separate trials, was convicted of disorderly conduct (jostling) in violation of D.C.Code 1967, § 22–1121 (4).[1]

█ Appellants argue that the informations upon which they were tried failed to state an offense in that they did not set forth the names of the alleged victims. However, this omission is not fatal. Young v. United States, 109 U.S.App.D.C. 414, 288 F.2d 398 (1961), cert. denied, 372 U.S. 919, 83 S.Ct. 734, 9 L.Ed.2d 725 (1963); Bush v. United States, D.C.App., 215 A.2d 853 (1966). In *Bush* we said that

> An information or indictment is required to perform two primary functions: it should sufficiently apprise the accused of the charge against him so that he might properly prepare his defense, and it should spell out the offense clearly enough to enable him to plead the judgment, whether conviction or acquittal, as a bar in the event of a subsequent prosecution for the same crime. It has also been stated that a corollary purpose served by an information is to inform the court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction. * * * [215 A.2d at 855]

Appellants neither allege nor show any handicap in the preparation of their defense

1. Whoever, with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby—

    \*    \*    \*    \*    \*

    (4) interferes with any person in any place by jostling against such person or unnecessarily crowding him or by placing a hand in the proximity of such person's pocketbook, or handbag; or

    \*    \*    \*    \*    \*

and in our judgment the informations, with the testimony at trial, would clearly support a plea of former jeopardy in any subsequent proceeding.

■ Appellants also claim, for the first time on appeal, that the informations were defective for failure to allege that the disorderly conduct (jostling) was with intent to provoke a breach of the peace or under circumstances such that a breach of the peace may be occasioned thereby. We said in District of Columbia v. Jordan, D.C.App., 232 A.2d 298, 299 (1967), that "it is not necessary in every case for the informa-tion to follow the precise language of the statute." Moreover, these cases were tried seriatim, by the same attorney, before the same trial judge, and the record reveals that appellant Sams argued and the court specifically considered the question of whether the offense occurred with intent to breach the peace or under circumstances that might occasion such breach before a finding of guilt was entered. No objection to the informations on this ground was ever made, nor is any prejudice to either appellant alleged or shown. Under these circumstances the convictions are

Affirmed.