Barbara A. HOROWITZ, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 6088.

District of Columbia Court of Appeals.

Argued Dec. 20, 1971.

Decided May 26, 1972.

---

Jeffrey R. Reider, Washington, D. C., for appellant.

Richard W. Barton, Assistant Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, was on the brief, for appellee.

Before HOOD, Chief Judge, and KERN and PAIR, Associate Judges.

HOOD, Chief Judge:

This appeal presents the sole question whether the information, under which appellant was convicted, should have been dismissed for failure to allege essential facts constituting an offense.

The information, filed under D.C.Code 1967, § 22–1107, entitled "Unlawful assembly—Profane and indecent language", was on a printed form with check marks to indicate the particular violation. When the irrelevant parts of the printed form are eliminated, the information charged:

Appellant under circumstances likely to cause a breach of the peace did congregate and assemble with others in a public place, namely, the 200 block of 10th Street, N.W., and crowd, obstruct and incommode the free use of said street, in violation of § 22–1107 of the District of Columbia Code.

It is significant that the printed form, at the end of the allegation as to crowding, obstructing and incommoding, contains the word "by" followed by a blank line. It seems clear the form was prepared with the intent that after the word "by" there should be inserted in the blank line a statement of the particular acts by which the crowding, obstructing and incommoding was accomplished. No such statement was inserted. Instead, the word "by" was crossed out and a period inserted in its place.

It is evident that the information charged the offense in the wording of the statute, without any particulars as to the acts by which the offense was committed. We have held that an information has two primary functions. First, it should sufficiently apprise the accused of the charge against him so he may properly prepare his defense; and, second, it should spell out the offense clearly enough to enable the accused to plead the judgment as a bar to a subsequent prosecution for the same crime.[1]

While some offenses by their very nature may be adequately described in the words of the statute, where the words of the statute are general in nature, the information must add to those general terms some particulars of the acts by which the alleged offense was committed.[2] In our opinion this is such a case and it appears that the District of Columbia in framing the printed form was of the same opinion because of the use of the word "by" followed by a blank space designed for additional allegations describing the particular acts constituting the offense. See unpublished orders of this court in District of Columbia v. Reinstein, No. 5840, dated May 10, 1971 and June 21, 1971, citing Hunter v. District of Columbia, 47 App.D. C. 406 (1918), which was cited with approval in Kinoy v. District of Columbia, 130 U.S.App.D.C. 290, 400 F.2d 761 (1968).

Judgment reversed with instructions to dismiss the information.

---

1. Bush v. United States, D.C.App., 215 A.2d 853, 855 (1966).

2. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).