**UNITED STATES, Appellant,**

v.

**Willie E. PENDERGRAST, Appellee.**

**No. 7391.**

District of Columbia Court of Appeals.

Argued Oct. 9, 1973.

Decided Dec. 18, 1973.

Peter R. Reilly, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Peter A. Chapin, Asst. U. S. Attys., were on the brief, for appellant.

James W. Lawson, Washington, D. C., appointed by this court, for appellee.

Before KELLY, KERN and PAIR, Associate Judges.

PAIR, Associate Judge:

The government appeals [1] from an order of the trial court holding insufficient and dismissing without prejudice the third count of an indictment which charged that "[on] or about August 13, 1972, within the District of Columbia, Willie E. Pendergrast broke open, opened, and entered *without right* a juke box, with intent to carry away a part of such device, and something contained therein." [Emphasis supplied.]

The above-quoted language purports to charge appellee with a violation of D.C. Code 1973, § 22–3427, which provides:

> Whoever in the District of Columbia breaks open, opens, or enters, without right, any parking meter, coin telephone, vending machine dispensing goods or services, money changer, or any other device designed to receive currency, with intent to carry away any part of such device or anything contained therein, shall be sentenced to a term of imprisonment of not more than three years, or to a fine of not more than $3,000, or both.

The government argues below and renews the argument here that the count of the indictment brought into question was sufficient to withstand constitutional attack.

■ The government recognizes that an indictment performs two significant and constitutionally based functions. First, it must inform the accused of the "nature

1. D.C.Code 1973, § 23–104(c).

and cause of the accusation," [2] and, secondly, the indictment must serve as a guide by which it may be determined whether, if subsequently charged, a person is twice placed in jeopardy for the same offense.[3] *See* Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). The indictment in the instant case fails to perform the former function.[4]

The first vice of this count is that it "fail[s] to sufficiently apprise the defendant 'of what he must be prepared to meet.' " [5] The government asserts that the indictment follows the language of the statute and is therefore sufficient. But as the Supreme Court has often said the indictment, if not drawn to apprise the accused, "with reasonable certainty, of the nature of the accusation against him . . . is defective, although it may follow the language of the statute." United States v. Simmons, 96 U.S. 360, 362, 24 L.Ed. 819 (1878). "In an indictment upon a statute, it is not sufficient to set forth the offense in the words of the statute, unless those words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished . . . ." United States v. Carll, 105 U.S. 611, 613, 26 L.Ed. 1135 (1882). "Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged. . . ." United States v. Hess, 124 U.S. 483, 487, 8 S.Ct. 571, 573, 31 L. Ed. 516 (1888). *See also* Pettibone v. United States, 148 U.S. 197, 202–204, 13 S.Ct. 542, 37 L.Ed. 419 (1893).

These basic principles retain their vitality under modern concepts of pleading.[6] The statute under which appellee was charged proscribes larceny-type offenses.[7] *See* in this connection 2 Wharton's Criminal Law and Procedure, § 497 (Anderson ed. 1957), where it is said:

Property of another.

To constitute larceny, the property which is taken must be the property of another. The offense cannot be committed if the defendant is the owner of the goods who is entitled to possession of them at the time of the taking. Therefore, it is not larceny for the true owner to take his property from the possession of another who has neither title nor any claim thereto, or who has previously ob-

---

2. U.S.Const. Amend. VI.

3. U.S.Const. Amend. V.

4. Inasmuch as the indictment failed to specify the locale of the alleged offense, it might well fail to perform the latter function.

5. Russell v. United States, *supra* at 764, 82 S.Ct. at 1047.

6. Russell v. United States, *supra* at 765–766 of 369 U.S., 82 S.Ct. 1038; Horowitz v. District of Columbia, D.C.App., 291 A.2d 202 (1972). *See also* Williams v. District of Columbia, 136 U.S.App.D.C. 56, 419 F.2d 638 (1969); United States v. Thomas, 144 U.S. App.D.C. 44, 444 F.2d 919 (1971); *cf.* Bush v. United States, D.C.App., 215 A.2d 853 (1966).

7. The statute here called into question was enacted as part of the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L.No. 91–358, § 203, 84 Stat. at 600. The legislative history reveals that:
    *Vending machine larceny.*—The Senate conferees concurred in the House's concern that higher penalties should be available to deal with professional criminals who pilfer all types of coin-operated machines and who may take from each machine only an amount adequate to invoke the petty *larceny* law. The Senate would not agree to include such *larcenies* in the definition of second degree burglary, however, since the use of the word "burglary" would create distortions often inappropriate to the offense—including the allowance of wire interception and electronic surveillance in connection with the offense, the imposition of a mandatory minimum sentence for a second-offender armed with violation, and pretrial detention of persons charged with the offense. Statement of the Managers on the Part of the Senate. [91st Cong., 2d Sess. at 25 (Committee Print 1970); emphasis supplied.]

tained it from him by duress or unlawful means. [Footnotes omitted.]

*Accord*, 50 Am.Jur.2d Larceny § 131 (1970). It is readily apparent therefore that for appellee to have been charged with an offense it was not sufficient for the indictment to follow the language of the statute. It should have contained, in addition, an averment that the property belonged to someone other than the accused.

Affirmed.