**UNITED STATES, Appellant,**

**v.**

**Francis H. MIQUELI, a/k/a Dana Kelly, Appellee.**

**UNITED STATES, Appellant,**

**v.**

**Kay BALLARD and Patricia Bishop, Appellees.**

**Nos. 8909, 9006.**

District of Columbia Court of Appeals.

Argued May 8, 1975.

Decided Dec. 18, 1975.

Rehearing and Rehearing en Banc Denied Feb. 5, 1976.

---

Paul N. Murphy, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Frederick A. Douglas and Robert M. McNamara, Jr., Asst. U. S. Attys., were on the brief, for appellant.

P. Scott McGee, law student counsel (LS # 494), and Judith Faye Dobkin, Washington, D.C., with whom David C.

Niblack, Washington, D.C., was on the brief, for appellees.

Before FICKLING, KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

In these government appeals from dismissals of informations charging solicitation (sexual), D.C.Code 1973, § 22–2701, this court is asked to overturn the trial court's ruling that the informations[1] failed to meet the requirements of Rule 7(c) of the Superior Court Rules of Criminal Procedure, and to perform the office of a document charging a criminal offense in relation to subsequent ability to plead former jeopardy. The orders of dismissal are reversed.

From a reading of the informations it is apparent that each alleged as ultimate facts all the elements neccessary to constitute the offense. They were based on the language of the statute, and included the date of the solicitation and the name of the one solicited.

■ The offense of soliciting for lewd and immoral purposes under § 22–2701 has been limited, by construction of this court, to solicitations for acts of sodomy. *Riley v. United States*, D.C.App., 298 A.2d 228, 232 (1972). With that construction of the statute appellees "were on clear notice" that a charge of soliciting for lewd and immoral purposes charges a solicitation for sodomy under that portion of the statute. *Wainwright v. Stone*, 414 U.S. 21, 23, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973).

■ *Hawkins v. United States*, D.C. Mun.App., 105 A.2d 250, 252 (1954), held as to soliciting for prostitution that "we are completely satisfied that this statute is clear in language and purpose, free of ambiguity, and that it lays down a definite and easily understandable standard of criminal liability. . . . ." Therefore, to the extent that solicitation for prostitution may be proved as to Ballard and Bishop, the informations properly charged that offense and our case law places them on notice as to the reach of that proscription. *Wainwright v. Stone, supra.*

■ The informations were, therefore, sufficiently definite to apprise the defendants of the nature of the accusations against them and thus to enable them to prepare their defense and to plead an acquittal or conviction in bar of future prosecutions for the same offense. Nothing more by way of pleading evidentiary facts was necessary. *See Hamling v. United States*, 418 U.S. 87, 117–18, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States v. Debrow*, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953); *Hagner v. United States*, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *Bush v. United States*, D.C. App., 215 A.2d 853, 856 (1966); *United States v. Henderson*, 73 App.D.C. 369, 372, 121 F.2d 75, 78 (1941); 8 J. Moore, Federal Practice ¶ 7.04 (2d ed. 1975).

Our decision in *Horowitz v. District of Columbia*, D.C.App., 291 A.2d 202 (1972), does not dictate a contrary result. There the defendant was charged with obstruction of a public thoroughfare. The offense there, unlike those charged here, was not adequately described by use of the statute's language or court construction. *Wainwright v. Stone, supra.* This was apparent because the information form was left blank where it provided "for additional

---

1. The informations were identical and contained the following allegations: "The United States Attorney for the District of Columbia informs the Court that within the District of Columbia: [name of person charged] did on or about [date of the incident] commit the crime or crimes herein identified . . . SEXUAL SOLICITA- TION—in that he unlawfully invited, enticed, persuaded and addressed for the purpose of inviting, enticing and persuading for the purpose of prostitution and an immoral and lewd purpose, [name of solicitee], a person who had previously attained the age of sixteen years, in violation of Section 22–2701, District of Columbia Code."

allegations describing the particular acts constituting the offense." *Horowitz v. District of Columbia,* supra at 203. Neither are we confronted with an allegation respecting whether property "belonged to someone other than the accused." *United States v. Pendergrast,* D.C.App., 313 A.2d 103, 105 (1973).

■ The trial judge seems to have confused the purpose of an information with a desire to have more factual particularity supplied to the defense. He would have done well to have used a bill of particulars (*see* Super.Ct.Cr.R. 7(f)) instead of burdening the system and the defendants with dismissals, and the resultant appeals and delay. When other avenues for granting relief deemed appropriate are available, short of case termination, they should be used.

■ Additionally, the trial court erred in ruling that before trial the government must elect between the conjunctively charged solicitation for prostitution and solicitation for lewd and immoral purposes. Congress has defined two types of sexual solicitation in the disjunctive by specifying two ways in which § 22–2701 can be violated. The government may in a single information (as the grand jury may in an indictment) charge all of the prohibited acts in the conjunctive and under such charge proceed to prove any one or more of the acts. *Wilson v. District of Columbia,* D. C.Mun.App., 65 A.2d 214, 216 (1949); *Joyce v. United States,* 147 U.S.App.D.C. 128, 133–34, 454 F.2d 971, 976–77 (1971); *Morrison v. United States,* 124 U.S.App. D.C. 330, 331–32, 365 F.2d 521, 522–23 (1966); *Joyner v. United States,* 116 U.S. App.D.C. 76, 77, 320 F.2d 798, 799 (1963); and *District of Columbia v. Hunt,* 82 U.S. App.D.C. 159, 163–64, 163 F.2d 833, 837–38 (1947). Accordingly, the trial court erred in requiring an election by the government.

■ The trial court orally granted defendant Miqueli's motion to dismiss on August 16, 1974. On August 26, 1974, at the request of the government, the order was entered on the criminal docket so as to have of record an appealable order. *Richards v. United States,* 89 U.S.App.D.C. 354, 355–56, 192 F.2d 602, 603–04 (1951). The government filed its timely notice of appeal on September 5, 1974. *See* D.C.App. R. 4 II(b)(1). *See also United States v. Fraser,* D.C.App., 330 A.2d 761, 762 (1975), which states:

> Rule 4 II(b)(1) of the General Rules of this court prescribes a ten-day period for filing a notice of appeal in criminal cases. The period begins to run "after entry of the . . . order from which the appeal is taken". Rule 4 II(b)(4) provides that an order "is deemed to be entered within the meaning of this subdivision when it is entered in the criminal docket by the Clerk." . . .

The *Fraser* holding is not to the contrary. Unlike this case, the government in *Fraser* sought to use a written order which it later submitted as a device to extend the ten-day period beyond the date of entry on the docket. The extra time was used "to determine if appellate relief [would] be sought." *Id.* at 762. In the instant case, no docket entry was made until August 26, 1974.

The orders of dismissal are reversed with directions that the informations be reinstated.

*So ordered.*

FICKLING, Associate Judge (dissenting):

These cases present three issues: (1) whether the informations filed against the defendants are insufficient for failure to allege the essential facts of the offense charged; (2) whether the trial court erred in ruling that the informations must allege either soliciting for prostitution or soliciting for lewd and immoral purposes, but not both; and (3) whether the government's appeal from the dismissal of the informa-

tions charging defendant Miqueli was timely.

Although I agree with the majority's resolution of the timeliness issue, I cannot agree that the informations filed against the defendants contain a statement of the essential facts constituting the alleged solicitation, as required by Rule 7(c) of the Superior Court Rules of Criminal Procedure. Therefore, I find it unnecessary to reach the joinder issue raised by appellant.

The basic purpose of an information is to institute a criminal proceeding. However, it also provides substantial constitutional safeguards to those charged with a crime. An information must be sufficiently specific to perform two constitutionally based functions. First, it should apprise the accused of the charge against him so he can properly prepare his defense;[1] and second, it should set forth enough facts to enable the accused to plead the judgment as a bar to a subsequent prosecution for the same crime.[2] *Russell v. United States,* 369 U.S. 749, 765, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *United States v. Pendergrast,* D.C.App., 313 A.2d 103, 103–04 (1973); *Horowitz v. District of Columbia,* D.C. App., 291 A.2d 202, 203 (1972); *Bush v. United States,* D.C.App., 215 A.2d 853, 855 (1966). A corollary purpose served by an information is to inform the court of the facts alleged so that it can decide whether they are legally sufficient to support a conviction as a matter of law. *Russell v. United States, supra,* 369 U.S. at 769, 82 S.Ct. 1038; *United States v. Cruikshank,* 92 U.S. 542, 558, 23 L.Ed. 588 (1876); *Bush v. United States, supra* at 855.

Where, as in these cases, an information is framed in the language of the statute, the information is not sufficient unless the language sets forth fully, directly, and expressly, without any uncertainty or ambiguity, all the elements of the offense charged. *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590

(1974); *United States v. Carll,* 105 U.S. 611, 612, 26 L.Ed. 1135 (1882). Although the language of the statute may be used in the general description of the offense, it must be accompanied with a statement of the facts that will inform the defendant of the specific offense with which he is charged. *Russell v. United States, supra,* 369 U.S. at 765, 82 S.Ct. 1038; *United States v. Hess,* 124 U.S. 483, 487, 31 L.Ed. 516 (1888). An information that does not apprise the defendant with reasonable certainty of the accusations against him is insufficient, even though the information is framed in the language of the statute. *Russell v. United States, supra,* 369 U.S. at 765, 82 S.Ct. 1038; *United States v. Simmons,* 96 U.S. 360, 362, 24 L.Ed. 819 (1878). Rule 7(c) requires that an "information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. . . ." Hence, if the information does not contain a plain, concise and definite written statement of the essential *facts* constituting the offense for which the defendant is being tried, it is insufficient.

In my view, the informations in the cases before us are fatally defective because they fail to state the essential facts constituting the alleged sexual solicitations. In the recent case of *Horowitz v. District of Columbia, supra,* this court held that an information charging the offense of unlawful assembly in the language of the statute was insufficient in the absence of any particulars as to the acts by which the offense was committed. The information there charged that the defendant "did congregate and assemble . . . and crowd, obstruct and incommode" a public street in violation of the statute. While recognizing that some offenses may be adequately described in the words of the statute, the court ruled that an information must add some particulars of the defendant's allegedly unlawful acts where the words of the statute are general in nature. In the in-

---

1. U.S.Const. Amend. VI.

2. U.S.Const. Amend. V.

stant cases, the informations charge the defendants in the language of the statute and include the dates of the alleged solicitations, as well as the names of the persons solicited. The defendants are charged with having "invited, enticed, persuaded and addressed for the purpose of inviting, enticing and persuading for the purpose of prostitution and an immoral and lewd purpose. . . ." The informations do not state the factual bases of the charges against the defendants. The statute itself uses general terms in defining solicitation and does not sufficiently describe the offense so as to notify the defendant of the acts which he is alleged to have committed. The informations in these cases consist of no more than conclusory statements that the defendants violated the statute by some unspecified acts. In order to properly charge the offense of unlawful sexual solicitation, an information must include the words and actions of the accused which constitute the alleged solicitation.

The majority relies on *Hawkins v. United States,* D.C.Mun.App., 105 A.2d 250 (1954), as authority for holding that the language of the statute making sexual solicitation unlawful is sufficiently definite to apprise the defendants of the nature of the accusations against them. In *Hawkins,* the court upheld the constitutionality of the sexual solicitation statute against a claim that the statute was unconstitutionally vague in violation of the Fifth Amendment. The court was not presented with the question of whether the information, using the language of the statute, would be sufficient to charge unlawful solicitation in the absence of a statement of the essential facts constituting the offense.

The informations in the instant cases are not sufficiently definite to apprise the defendants of the accusations against them and, thus, to enable them to prepare their defense or to plead a judgment as a bar to future prosecutions for the same offense. Additionally, the informations fail to provide the court with sufficient facts to decide whether they are legally sufficient to support a conviction as a matter of law. Since the informations fail to perform any of the functions required of them, they are fatally defective.

A further reason why these informations are insufficient is that they fail to allege the element of financial gain. There exists no common law definition for prostitution, 73 C.J.S. *Prostitution* § 1 at 224 (1951), nor has prostitution been defined by statute or judicial decision in the District of Columbia. *Bailey v. United States,* 69 App. D.C. 25, 98 F.2d 306 (1938). However, some solicitation cases indicate that there must be at least a discussion of financial gain or something of value in exchange for a promise to perform a sex act. *Garrett v. United States,* D.C.App., 339 A.2d 372 (1975); *Hall v. United States,* D.C. Mun.App., 34 A.2d 631 (1943).

The majority argues that any deficiency in the informations in these cases could have been cured by bills of particulars. But it is a settled rule that a bill of particulars cannot save an invalid indictment. *Russell v. United States, supra,* 369 U.S. at 770, 82 S.Ct. 1038. The information must contain a statement of the essential facts constituting the offense charged. Super. Ct.Cr.R. 7(c). If it does, but does not allege sufficient particulars to allow the defendant to prepare his defense, a court may permit a bill of particulars. Super. Ct.Cr.R. 7(f). However, where the information fails to allege essential facts necessary to charge a crime, no amount of particularization in a bill can remedy the defect.

I respectfully dissent.