## CHASTAIN et al. v. UNITED STATES.

### No. 10586.

Circuit Court of Appeals, Fifth Circuit.

Oct. 22, 1943.

A. C. Wheeler, of Gainesville, Ga., for appellants.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

PER CURIAM.

The appellants were indicted November 24, 1942, and convicted Feb. 3, 1943, for a conspiracy with each other and with a number of other persons not indicted, to violate the internal revenue laws. A motion for continuance was made at the beginning of the trial February 1, 1943, by the defendants because of the absence of two witnesses. One of the witnesses was a person alleged to be a conspirator but not indicted, supposed to be in New York, to whom a subpoena was sent by registered mail January 22, without any reply. There was no showing as to what the witness would testify, or that fees for his attendance were tendered him. The court did not err in overruling this ground of the motion. The other absent witness, also a co-conspirator not indicted, was represented to be in the military service of the United States, not served with a subpoena because his whereabouts was unknown; and it was said he would testify that there had been no conspiracy between him and defendants as alleged, and that Sam Densmore, who was not on trial, was not concerned in any violation of law as alleged in Par. 9 of the overt acts. Paragraph nine does not refer to any violation of law, but merely alleges that Sam Densmore signed a bail bond as surety for named persons. The bond itself was the best evidence about that, and it was on its face certainly no violation of law to sign the bond. As to the participation of the witness in the conspiracy, the District Attorney agreed that the witness if present would testify as stated, but did not agree that such was the truth. The testimony was material, and the agreement that the witness would so testify, not admitting its truth, would not require the overruling of a motion for continuance otherwise complete. But this motion was not complete. There was no showing of any effort to locate the witness, or to procure his attendance, or that his attendance could likely be had by postponing the trial. Seven other alleged co-conspirators were present and testified along the same line. The court did not abuse discretion in overruling this ground of the motion.

■ We have examined the objections to the charge of the court and find it ample and fair, and the refused requests were either covered substantially in the charge, or contained inaccuracies which made their refusal proper.

■ The evidence was circumstantial, but tended as a whole to show extensive and long continued illicit distillery operations close around the store and homes of defendants and that they were known to and participated in by defendants, though hired men ran the stills. Whether the guilt of the defendants appeared from these circumstances beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis was under the evidence a proper question for the jury and there was no error in refusing to direct an acquittal.

Judgment affirmed.