## COUCHOIS v. UNITED STATES.
### No. 10777.

Circuit Court of Appeals, Fifth Circuit.

April 22, 1944.

Rehearing Denied May 23, 1944.

E. E. Talbot, John D. Miller, and Isaac S. Heller, all of New Orleans, La., for appellant.

Albert J. Tully, U. S. Atty., of Mobile, Ala., for appellee.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

Found guilty on two counts of an indictment charging him with sedition[1] and sentenced to a term of five years, defendant has appealed. No claim is made that the indictment was defective, no error is assigned to the charge. It is claimed that the verdict is not supported by, but is contrary to, the substantial evidence, but no motion for directed verdict was made, and the record does not at all support the claim made that it is clear that a verdict for defendant was demanded. There were, too, several objections to rulings on evidence, but it is quite clear that the assignments as to them present no prejudicial error. The case for reversal comes down at last to the claim that in denying the motion for continuance made by appointed counsel and in putting defendant to trial at the time and under the circumstances disclosed by the record, the district judge abused his discretion and denied defendant a fair trial.[2]

Of course, if appellant is right in his claim that, without giving him an opportunity to obtain his witnesses or to otherwise prepare for trial and without giving his counsel appointed on the day of trial that opportunity, the judge hurried him to trial under circumstances which prevented his making his defense, appellant would be right in insisting that he had not had a fair trial and that the judgment must be reversed. But the record[3] will not support these claims. It shows, on the

---

[1] " * * * whoever, when the United States is at war, shall willfully cause or attempt to cause insubordination, disloyalty, mutiny, or refusal of duty, in the military or naval forces of the United States, or shall willfully obstruct the recruiting or enlistment service of the United States, to the injury of the service of the United States, shall be punished by a fine of not more than $10,000 or imprisonment for not more than twenty years, or both." Sec. 33, Title 50 United States Code Annotated.

[2] In addition to the brief filed by counsel of appellant's own selection, a brief amicus curiæ has been filed by the American Civil Liberties Union in support of this claim.

[3] This is the record: Before proceeding to trial, the court asked the defendant whether or not he was ready for trial and whether or not he was represented by counsel. The defendant stated that he had received a promise from a source he could not divulge that witnesses would be present to testify, that he ex-

contrary: the lapse óf some six months between indictment and trial; that the trial had been twice set, the government continuing it once without objection from the defendant; that defendant had been notified of the resetting, and, without making any complaint of his .not having counsel, or any request for more time to get counsel of his own, had appeared at the time of the setting, stating that he supposed he was as ready for trial as he ever would be. Thereafter, the case proceeded to trial, ending on the fifth day. No other effort was made to get a continuance, no showing was made as to the names of witnesses desired and not present, or as to what could be proved by them. There was no request for process to get them. Instead, an agreement was made with the government as to six members of the merchant crew that they would testify that they had never heard the defendant make any of the remarks attributed to him by members of the armed guard. It is not claimed that appellant's appointed counsel was incompetent or that he did not represent appellant with intelligence and fidelity.

Under these circumstances, we do not think that it can be said that the refusal of the continuance was an abuse of discretion or that the defendant was otherwise denied a fair trial. If plaintiff had been represented by counsel of his own choosing, there would be no doubt about this, Chastain v. United States, 5 Cir., 138 F.2d 413. Can it be that the fact alone that his counsel was court appointed instead of selected by the defendant has made an unfair trial of an otherwise fair one? We do not think so. It is true that the fact that defendant has no counsel and that the court appoints counsel for him on the day of, and refuses to delay, the trial is a fact to be considered in connection with the other facts in determining whether the trial has been fair, Powell v. State of Ala-

bama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527. It is equally true, though, that this is only one of the many facts having bearing on the trial as a whole, and that the fact alone that counsel was appointed and a continuance was denied on the day of trial will not support a finding either of abuse of discretion in denying the continuance or of the denial of a fair trial, Avery v. State of Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; Neufield v. United States, 73 App.D.C. 174, 118 F.2d 375. There was here no showing by defendant or his counsel that a particular witness, or witnesses, would, if present, testify to particular material facts. None that if the trial was postponed or delayed, such witnesses or their testimony could be procured. There was merely a general request by counsel for a continuance so that he could more fully acquaint himself with the case and procure the necessary witnesses; a statement by the defendant that he was perhaps as ready as he ever would be; and an assurance by the court that counsel would be given all the time he needed to confer with his client and acquaint himself with his defenses. To hold that under these circumstances a denial of justice has occurred would be in effect to hold; that where a defendant appears without counsel and the court appoints counsel for him, all of the ordinary rules governing the ordlerly administration of the court are suspended; and that a defendant thus situated may freely chance a trial in the confidence that if he is acquitted, the verdict will stand, while if he is convicted, the verdict will, because and only because he is represented by appointed counsel, be set aside. Universally protective as are the guarantees of due process, and compelling as are the considerations which make a vigilant concern for their affording of the essence of a fair trial, courts sit as well to convict the guilty as to acquit

---

pected counsel to be present, that he did not see any counsel in court and had not seen his witnesses, but that he supposed he was as ready for trial as he ever would be. The court stated that it would appoint an attorney to represent the defendant, and on that same day Mr. Sam W. Pipes was appointed, agreed to represent the defendant, and made an oral motion that the case be continued so that he could discuss the case with the defendant and arrange for the attendance of witnesses. The court stated that the defendant was aware of the date of the

trial, that he had written both the court and the district attorney in regard to the witnesses and had been offered by the court and the district attorney their cooperation in securing the witnesses, that the government's witnesses had been brought to court, that they were navy men and that the trial could not be postponed at this date. The motion for continuance was overruled but with the statement that the defendant and his counsel would be given such time as they might require to acquaint counsel with the nature of the case.

the innocent, and complaint alone, without a showing, that a fair trial has been denied, will not support a reversal. The record shows no reversible error.

The judgment is affirmed. .