# LEWIS v. SANFORD, Warden.
## No. 2259.

District Court, N. D. Georgia,
Atlanta Division.

Jan. 22, 1948.

Petitioner in personam.

J. Ellis Mundy, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., and Eugene Ferry Smith, Colonel, J. A. G. D., Staff Judge Advocate, Third Army, all of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner was charged before a General Court-Martial convened at Pinecastle Army Air Field, Orlando, Florida, with violation of the 93rd Article of War, 10 U.S.C.A. § 1565, the specifications being four acts of Sodomy and four Assaults With Intent to Commit a Felony, viz: Sodomy, and found guilty of the charges and specifications.

A sentence of twenty-five years imprisonment was imposed December 5, 1946, and duly approved according to law.

Application for habeas corpus was presented alleging that petitioner was denied due process of law in that he was permitted to consult with counsel only one time in advance of trial; that witnesses essential to his defense were not produced to testify in his favor; and that he was not guilty of the charges against him and therefore unjustly convicted. Writ was granted and a hearing had thereon at which petitioner

testified and documentary evidence was introduced.

■ The burden of proof is on the plaintiff (Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461, 146, A.L.R. 357; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830) to establish "the failure to observe that fundamental fairness essential to the very concept of justice." Lisenba v. California, 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L.Ed. 166. "Courts sit as well to convict the guilty as to acquit the innocent, and complaint alone, without a showing, that a fair trial has been denied, will not support a reversal." Couchois v. United States, 5 Cir., 142 F.2d 1, 2, certiorari denied 323 U.S. 754, 65 S. Ct. 81, 89 L.Ed. 604.

■ The mere fact that only one conference was had between petitioner and Defense Counsel does not, without more, amount to denial of a constitutional right. The record discloses that the General Court-Martial, and all of its supporting personnel including Defense Counsel, was detailed on November 18, 1946, and that petitioner's trial did not occur until December 5, 1946, almost three weeks later. In the absence of proof to the contrary, this period of time appears to have been ample for the preparation of petitioner's case. Moreover, petitioner had been previously tried on October 28, 1946 by a General Court-Martial for the identical offenses, and its judgment set aside by reviewing authorities. "No showing is made that [petitioner] was not permitted to consult with his counsel sufficiently to prepare his defense, and reasonable restrictions may be imposed as to the time and place of consultation between an accused and his attorney without infringing constitutional rights." Altmayer v. Sanford, 5 Cir., 148 F.2d 161, 162.

[5,6] The only request by petitioner for the production of witnesses, disclosed by the record, occurred during the progress of the investigation when Corporal Lorenzo Fitch was interviewed and a statement secured from him, and Private John C. Davis was interviewed but excused on suggestion of petitioner (R. pp. 47–49). Corporal Fitch did not testify at petitioner's trial, but the statement appearing in the record is lacking in probative value because of vague and indefinite knowledge on the part of the witness. A stipulation was entered by the defense, in which the prosecution joined, as to what the Commanding Officer would testify had he been present at the trial (R. 162). An attorney may exercise judgment in the matter of witnesses to be called in support of a defense (United States v. Gutterman, 2 Cir., 147 F.2d 540, 542, 157 A.L.R. 122), and in this instance lack of probative value suggests a sufficient reason for the non-production of such witnesses.

■ It clearly appears from the foregoing that petitioner seeks only another trial of the issues determined by the court-martial. "The civil courts cannot review the merits of cases tried in the military tribunals" (Sanford v. Robbins, 5 Cir., 115 F.2d 435, 437, certiorari denied 312 U.S. 697, 61 S.Ct. 737, 85 L.Ed. 1132), but "may inquire only as to the jurisdiction of the military courts * * * and when the court-martial possesses this qualification its sentence is conclusive and beyond review * * *." Carter v. Woodring, 67 App.D.C. 393, 92 F.2d 544, 546; certiorari denied 302 U.S. 752, 58 S.Ct. 283, 82 L.Ed. 582.) "Habeas corpus may not be used as a writ of error and its function is exhausted when it is ascertained that the agency under whose order the petitioner is being held had jurisdiction to act." Eagles, Commanding Officer v. United States ex rel. Samuels, 329 U.S. 304, 67 S.Ct. 313, 91 L.Ed. 308.

I find that the General Court-Martial in the present case was legally constituted and had jurisdiction to act. No ground for discharge on writ of habeas corpus has been established.

Whereupon, it is considered, ordered and adjudged that said writ of habeas corpus be, and same is, hereby discharged and petitioner remanded to the custody of respondent.