## SLAUGHTER v. UNITED STATES.
### No. 644.

Municipal Court of Appeals for the
District of Columbia.

July 22, 1948.

See also, 58 A.2d 309.

Dennis Collins, of Washington, D. C., for appellant.

Stafford R. Grady, Asst. U. S. Atty., of Washington, D. C. (George Morris Fay, U. S. Atty., and J. Warren Wilson, and Sidney S. Sachs, Asst. U. S. Attys., all of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appellant was convicted on charges of unlawful entry, of indecent assault upon a two year old girl, and of an assault upon the child's father. He charges that he was denied his constitutional right to be represented by counsel of his own choosing, to have effective aid of counsel in the preparation and trial of his case and to have witnesses present to testify in his behalf. He also charges he was prejudiced because the prosecution introduced evidence of his conviction of another crime without also introducing evidence that he had been pardoned therefor.

On September 24, 1947, defendant was arraigned, pleaded not guilty, and demanded a jury trial on each charge. At that time he was represented by Attorney Thomas David. The trial date was set for November 14, 1947 at which time it was continued at the request of defendant's attorney until December 3, 1947. On that date the case was, at the government's request, continued to January 19, 1948. On January 19 the cases were continued because of the illness of the defendant until January 23, 1948.

When the cases were called for trial the defendant requested a continuance, stating that his attorney was not in court; that although he had summoned witnesses to appear in court to testify in his behalf they were not present; that without the aid of his attorney he was unprepared to go to trial. The judge before whom the case was called stated that he would deny the request for a continuance; that the case had already been continued too many times, and that the defendant had had ample opportunity to prepare his defense; that as to his not having an attorney present, the judge would appoint an attorney to represent him. On the same day, approximately twenty minutes prior to trial the judge appointed Louis Jongbloet, a member of the bar, to represent defendant and certified the case to another judge for trial. No request for a continuance was made to the judge who tried the case.

Between the time when Mr. Jongbloet was appointed and the time the trial started, he had an opportunity to talk with defendant for about fifteen minutes. He had difficulty in understanding defendant and did not know the substance of the offense with which defendant was charged until he heard the opening statement of the prosecuting attorney, although such fact was not made known to the trial judge. The trial judge informed the attorney that the defendant was charged with two separate assaults and unlawful entry and the attorney announced that he was ready to proceed with the trial.

The record book at Metropolitan Police Headquarters wherein all summonses issued are recorded, shows that on January 20, 1948, summonses were issued in behalf of the appellant for three witnesses who were not in court on the day of trial. These witnesses were not served because, as we explain later, they could not be located. However, two witnesses were present and testified on behalf of the defendant. No request was made either to the judge who called the case or the judge who tried it for attachments for any of the absent witnesses

The child's father and another witness testified for the government as to the indecent assault upon the child and as to the assault made upon the father when he entered the apartment and discovered what defendant was doing. There was also testimony by other government witnesses.

Appellant Slaughter took the stand in his own behalf and denied that he was in the apartment at any time of the day on which the crimes were alleged to have been committed and insisted that he was assaulted

by the child's father while he was standing in the hallway. His mother testified substantially to the same effect.

■ There is no merit to appellant's contention that he was deprived of counsel of his choice. The record shows that he was represented by Mr. Thomas David on September 24, 1947 when arraigned and this attorney was with him on November 14, on which date the case was originally set for trial, but continued at his request. No further evidence of any action by Mr. David appears in the record nor is there any explanation of his absence on the trial date,[1] January 23, 1948. This date was approximately four months after the first appearance for appellant, who was free on bond during the entire time. It is not shown that the appellant on the day of the trial made any effort to locate Mr. David nor did he offer any reason for his absence. On the contrary, the record does not show that Mr. David even attempted to inform the court that he would not be present, or his reason for not being present.

We have held that a trial may proceed in the absence of selected counsel if his absence is without good cause; that one who selects his own counsel cannot escape the consequences of the actions of that counsel; and that no court can undertake to protect an accused from all errors of commission or omission of his lawyer. Tolbert v. United States, D.C.Mun.App., 55 A.2d 91, 93.[2] What we said there is applicable here, and indicates that there was no abuse of discretion in refusing a continuance, or in proceeding with the trial with the assigned counsel. In one respect, at least, this defendant's case has less merit than the Tolbert case. In that case there was an excuse offered, weak though it was, for counsel's absence; in this case counsel's absence was and re-

mains completely unexplained, by affidavit or otherwise.

■ There is no more merit to appellant's contention that he was deprived of the benefit of the testimony of the witnesses who did not appear. In such a case the defendant must inform the court as to what the expected testimony of the missing witnesses would be.[3] Likewise, he must show that there is a probability that the absent witnesses would be available if the case were continued.[4] Such showing was not even attempted here. On the contrary, the record reveals that the summonses issued for two witnesses were returned "No such address" and for the third "Missing person —unable to locate." Nor is there any showing of a "strong probability" or any probabilty, that the absence of the witnesses substantially affected the result of the trial or that the result would have been different if they had been located and produced.[5]

■ Appellant finally claims that he was deprived of effective assistance of counsel because of the short time that elapsed between the time of the appointment of counsel and the time of trial, and because counsel had difficulty understanding him and did not know the exact nature of the charges until he heard the prosecution's opening statement. The record shows that appellant made no protest or objection with respect to this appointment but conferred with counsel for some fifteen minutes prior to trial. After that no request was made for a further period of consultation or for a continuance. The attorney announced that he was ready to proceed with the trial. The record also shows that the trial judge informed the attorney what the charges were; that two witnesses besides defendant himself testified in his behalf and that his attorney examined these three witnesses

[1] Municipal Court Civil Rule 62(c) made applicable to criminal trials by Municipal Court Criminal Rule 18, provides that "no attorney may withdraw his appearance except by leave of court after notice served on his client."

[2] Appeal denied by U. S. Court of Appeals, January 14, 1948.

[3] Neufield v. United States, 73 App.D.C. 174, 118 F.2d 375; Chastain v. United States, 5 Cir., 138 F.2d 413.

[4] Neufield v. United States, supra; McShann v. United States, 10 Cir., 38 F.2d 635; Woods v. United States, 8 Cir., 26 F.2d 63.

[5] Lockhart v. United States, 6 Cir., 264 F. 14; Crouch v. United States, 6 Cir., 298 F. 437.

carefully and cross-examined the government's witnesses in a thorough manner.

Of great significance is the fact that appellant was free on bond for four months between the time of arraignment and the time of trial. During that time he and his attorney had ample opportunity to prepare his defense. As we said in the Tolbert case "* * * neither defendant nor his counsel had the right to do nothing, wait until the case was called and then demand a continuance. A duty rested upon both defendant and his counsel to make reasonable efforts to be prepared when the day for trial arrived." Rather obviously, that duty was not discharged in this case.

Finally, we consider defendant's charge that the government asked him concerning his conviction of attempted murder in Virginia, in 1933, without disclosing to the jury that he had been "pardoned" for that convction. Defendant was asked about three prior convictions, including the one mentioned, and admitted all of them. This evidence was admissible under our statute, Code 1940, § 14—305, for the purpose of affecting his credibility as a witness. The trial judge was careful to tell the jury so, and that they could not consider the evidence for any other purpose whatsoever.

The "pardon" of which defendant speaks was not known to the prosecution, according to anything in the record. Defendant did not make it known to the jury, or offer to do so, or even mention it at the trial. It was not until after he was sentenced that he produced the paper. It was not a pardon, but a document purporting to remove political disabilities arising out of the Virginia conviction to which we have referred. Under these circumstances it is clear that no rights of defendant were invaded, and that there was no impropriety on the part of the prosecutor in his handling of this phase of the case.

Affirmed.