## SLAUGHTER v. UNITED STATES.

### No. 644.

Municipal Court of Appeals for the
District of Columbia.

March 29, 1949.

Edward E. O'Neill, of Washington, D. C., for appellant.

Stafford R. Grady, Asst. U. S. Atty., of Washington, D. C. (George Morris Fay, U. S. Atty., J. Warren Wilson, and Sidney S. Sachs, Asst. U. S. Atty., all of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Once before this case was here, on appeal from convictions on charges of unlawful entry, indecent assault on a two-year-old girl and assault on the child's father. We appointed counsel to represent appellant and after briefs were filed and oral arguments presented we affirmed the convictions. Slaughter v. United States, D.C. Mun.App., 60 A.2d 700. We overruled appellant's contention that he had been denied his constitutional rights to be represented by counsel of his own choosing and

to have effective aid of counsel in the preparation and trial of his case.

In our decision we set out the facts fully as they appeared in the record before us. We based our affirmance largely on the premise, supported by the record, that defendant's attorney up to the time of trial was Mr. Thomas David. We recited that there had been three earlier continuances and a lapse of four months between arraignment and trial, during which time defendant was free on bond; that Mr. David did not appear at the time set for trial and no explanation of his absence was offered and no showing made that defendant had made any attempt to locate him. In view of these and other circumstances we ruled that the trial court had not abused its discretion in refusing a further continuance or in proceeding to trial with assigned counsel. We said, commenting on the opportunity defendant had to secure counsel during his four months freedom on bail, "* * * neither defendant nor his counsel had the right to do nothing, wait until the case was called and then demand a continuance. A duty rested upon both defendant and his counsel to make reasonable efforts to be prepared when the day for trial arrived", quoting from Tolbert v. United States, D. C.Mun.App., 55 A.2d 91, 93. (Appeal denied by United States Court of Appeals January 14, 1948.) We also held that there was no error with reference to other contentions advanced by appellant.

It is to be noted that up to that point in the proceedings defendant had been represented by three different attorneys: by Mr. Thomas David on arraignment and presumably up to time of trial; by Mr. Louis Jongbloet at the trial by appointment of the trial court, and by Mr. Dennis Collins whom we appointed to represent him on his appeal to this court.

Thereafter, defendant applied to the United States Court of Appeals for a review of our decision. There still another attorney, Mr. Edward E. O'Neill, was appointed as his counsel. Mr. O'Neill filed in that Court nine affidavits, some of which contained allegations as to whether Mr. David or Mr. Graham or either of them was actually representing defendant on the day the case was called for trial. That

Court allowed an appeal and on the same day remanded the case to us "with directions to authorize the trial judge to supplement his statement of proceedings and evidence in this case regarding petitioner's representation by counsel, if it be incomplete".[1]

In accordance with that opinion we remanded the case to the Municipal Court with authority to supplement the statement of proceedings and evidence, if it be incomplete, regarding defendant's representation by counsel; and we directed that each of the three judges before whom the case had been certify as to the proceedings had before him in that respect. Judges Scott and Neilson have certified to this court supplemental statements of proceedings and evidence. Judge Quinn, before whom the withdrawal of Mr. David and the appearance of Mr. Graham allegedly took place, held an extensive hearing, at which appellant Slaughter was present and testified, as did also Mr. David, Mr. Graham, two court clerks, and another witness. The complete stenographic transcript of that hearing is now before us. The supplemental record also includes, in addition to the statements certified by Judge Scott and Judge Neilson, the several informations and the jury-trial docket lists with their original entries. After these supplemental records were filed here, we set the case for oral argument, and it was fully argued by counsel for the parties. From the two records, it appears that the following occurred.

Defendant Slaughter was represented by Attorney David at his arraignment. The jury trial originally set for November 14, 1947, was continued to December 3, 1947 at the request of the Government. On that date before Judge Quinn, Mr. David requested permission to withdraw from the case because the defendant had requested Mr. Graham to defend him in these charges, Graham already representing him in other charges and having represented him over a period of six years. The defendant was sick at the time but made an appearance later in the day to request a continuance. Judge Quinn granted permission to Mr. David to withdraw on condition that Mr. Graham enter his appearance in the case. At this point the evidence becomes contradictory.

Mr. Graham denied categorically that he entered his appearance and denied that he ever agreed to represent the defendant in these charges because of fees unpaid in other cases. He was, however, currently retained as his counsel in other cases. Mr. David said he did not know whether he saw Mr. Graham on December 3rd or not. Defendant Slaughter insisted that Mr. Graham did make an appearance that day and he had agreed to represent him a few days earlier. The clerk of Judge Quinn, on examination of the court papers, said he believed that Mr. Graham did make an appearance but was "not positively sure" of it. This he said was because he must have had some reason to believe Mr. Graham was attorney of record or he would not have written his name on the jury docket sheet. The papers themselves fail to establish the appearance. Mr. Graham's name was written on the jury docket list for only one of the charges; Mr. David's name was not crossed out. On the informations, admittedly controlling, Mr. David's name was crossed off in pencil on one paper but not on the other two; on none of the three was Mr. Graham's name entered as is the practice when an attorney becomes one of record.

This seems to show the attempted or intended withdrawal of Mr. David and also the failure of Mr. Graham to enter the case, leaving Mr. David still the attorney of record although he believed he had been officially relieved. And it seems likely that defendant Slaughter, in his claim that Mr. Graham did make an appearance and had agreed to defend him, confused these cases with several others in which Mr. Graham was admittedly his counsel. In support of his claim he testified that Attorney Graham specifically asked for continuance of these cases before December 3rd. This, however, could not have been in regard to these cases since all parties agree and the written records show that the only previous continuance was had at the request of the Government on November 14, while Mr. David was still in the case.

---

[1] Slaughter v. United States, C.A.D.C. 1949, 172 F.2d 281.

If this evidence stood alone, it could possibly be said to establish that Slaughter did at least have a reasonable belief that Mr. Graham was his counsel, despite Graham's categorical denial that he ever agreed to represent him in these cases. Indeed, it appears that defendant Slaughter did so believe when the case came up again on January 19, 1948 before Judge Scott. But the statement certified by Judge Scott conclusively establishes that the defendant was not deprived of counsel of his own choice, and that the court gave him full protection in this respect.

That statement recites that on January 19, defendant Slaughter appeared without counsel in the jury court. It continues: "The Court inquired of him who his attorney was, and where he was. Mr. Slaughter replied that Mr. Graham had represented him in the past on other charges. There was some mention *by Slaughter* to the effect that Mr. Graham refused to represent him in these matters because of non-payment of fees still due on prior representation. Whereupon, I advised him that these cases had already been continued on several occasions but that I would continue them again until January 23, 1948, for the purpose of his obtaining counsel of his own choice to represent him; *that the cases would be tried on January 23, 1948, and that if he did not have counsel of his choice at that time, the Court would appoint counsel and proceed with the trial.*" (Emphasis added.) Thus the defendant had four additional days in which to procure his own counsel. He had admitted that Mr. Graham had refused to appear. He had earlier requested Mr. David to withdraw. Then on January 23rd, when the case was sent to Judge Neilson for trial, and the judge asked the defendant who was his attorney in these cases, he pointed to Mr. Jongbloet. The defendant at no time suggested that he was represented or wanted to be represented by any other attorney than Mr. Jongbloet, and at no time expressed dissatisfaction with him but conferred with him for some fifteen minutes prior to trial. Neither he nor his attorney made any request for a longer period of consultation or for a continuance. Two witnesses besides defendant himself testified in his behalf and the record shows that Mr. Jongbloet examined these three witnesses carefully and cross-examined the Government's witnesses in a thorough manner.

In view of the above, it is clear that defendant was not deprived of any of his constitutional rights and was not deprived of counsel of his own choice at the trial of his case.

We think it proper to add that the difficulties arising in this case have been due in part at least to the non-enforcement of the rules of the trial court governing appearance and withdrawal of attorneys. Rule 62(c) of the Civil Rules of the Municipal Court requires that all attorneys retained or employed by defendants shall "file" their appearances and Rule 62(d) provides that no attorney may withdraw except by leave of court after notice served on his client. Civil Rule 62 is made applicable to the Criminal Division by Criminal Rule 18. Despite these rules oral procedures were followed in this case. Such oral procedures might be expected to lead to looseness, confusion and misunderstanding. Requiring written appearances, and formal orders of withdrawal, as prescribed by the rules, would protect defendants as well as counsel, and would also greatly assist the courts in situations like this.

The judgments of the Municipal Court are

Affirmed.