Thomas **OVERTON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 25533.

United States Court of Appeals
Fifth Circuit.

Dec. 30, 1968.

Rehearing Denied Feb. 6, 1969.

Harl C. Duffey, Jr., Rome, Ga., for appellant.

F. D. Hand, Jr., Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for appellee.

Before BELL and COLEMAN, Circuit Judges, and BOYLE, District Judge.

PER CURIAM:

Appellant was indicted and convicted for receiving a stolen vehicle in interstate commerce in violation of Title 18 U.S.C.A. § 2313. The Alabama owner of the automobile reported it as stolen on or about December 2, 1967. On December 10, the automobile was discovered in the possession of appellant, a used car dealer, in Rossville, Georgia. An "under the hood" type of serial number plate was found loosely affixed to a door of the automobile. It had been removed from a wrecked vehicle in Tennessee. An inspection of the non-public serial number disclosed that the automobile in appellant's posses-

sion was in fact, the one missing from Albertsville, Alabama.

 The contention that there was a failure of proof with respect to guilty knowledge on the part of appellant is without merit. Such knowledge may be established by circumstantial evidence, and possession of a stolen vehicle recently after its theft may justify the inference, in the absence of a reasonable explanation, that the possession is guilty possession. In any event, the facts here made a jury issue. Welch v. United States, 5 Cir., 1967, 386 F.2d 189; Odom v. United States, 5 Cir., 1967, 377 F.2d 853. Moreover, we have held that knowledge of interstate transportation is not vital: "The Dyer Act is violated when one receives a stolen automobile with knowledge of its theft even if he is unaware that it has been transported in interstate commerce." Pilgrim v. United States, 5 Cir., 1959, 266 F.2d 486, 488.

 The court's charge regarding possession of recently stolen property was consistent with the foregoing principles and the contention that it was erroneous is without merit. As to other errors, those asserted with respect to the handling of the witness Newman are without merit. There was no objection to the charge of the court with respect to the term "fraudulently" and we hold that this portion of the charge was not plain error.

 The last assignment of error is based on the fact that the court refused to continue the case for some two hours to permit appellant to call a defense witness. In addition to the fact that the defense had announced ready at the beginning of the trial, there are other pertinent events. After the government rested, and after appellant had testified, appellant's counsel asked for a recess and stated that his remaining witnesses were all character witnesses. The recess was granted. After the recess, and after the character witnesses had testified, appellant's counsel, for the first time, asked for a continuance to bring in a bank employee, apparently, though unstated, as a rebuttal witness. There was no proffer as to testimony to be expected from the witness nor any assurance that he would be present in the event of a continuance. See Jackson v. United States, 5 Cir., 1964, 330 F.2d 445; Chastain v. United States, 5 Cir., 1943, 138 F.2d 413. There was no showing of diligence. See Parsons v. United States, 5 Cir., 1951, 189 F.2d 252. The court did not abuse its discretion in the denial of a continuance.

Affirmed.