**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Thomas OVERTON, Defendant-Appellant.**

**No. 28072**
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Nov. 24, 1969.

---

James A. Robbins, Jr., Rome, Ga., for appellant. ·

Charles L. Goodson, U. S. Atty., Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■■ Thomas Overton was indicted and convicted for receiving a stolen vehicle in interstate commerce in violation of the Dyer Act, 18 U.S.C. § 2313 (1964). He appealed his conviction to this Court. We affirmed. Overton v. United States, 5 Cir., 1969, 405 F.2d 168. Thereafter he moved that the District Court grant him a new trial on the ground of newly discovered evidence. *See* Fed.R.Crim.P. 33. His motion was denied.[1] Under the circumstances of this case and for the reasons well stated in the District Judge's memorandum order, which is appended to this opinion, the judgment is affirmed. *See generally* 2 Wright, Federal Practice and Procedure § 557 (1969).

Affirmed.

APPENDIX

Thomas Overton, movant, has filed a motion for a new trial pursuant to Rule 33, Federal Rules of Criminal Procedure, based on newly discovered evidence. Movant was indicted and convicted of receiving and concealing a stolen motor vehicle moving in interstate commerce in violation of Title 18 U.S.C.A. § 2313. He was sentenced to eighteen months imprisonment. He appealed the conviction to the Fifth Circuit Court of Appeals, which was affirmed on December 30, 1968. Overton v. United States, (Dec. 30, 1968) 405 F.2d 168 (5th Cir. 1968). A petition for rehearing was filed, but denied by the Fifth Circuit.

The record before the court reveals the following facts: A 1966 Blue Mustang, Vehicle Identification Number 6F07C397400, owned by a R. V. Simmons of Albertsville, Alabama, was stolen from in front of a poolroom in Albertsville on December 2, 1966. The vehicle bore an

---

1. We have concluded on the merits that this case is of the character that does not justify oral argument. Therefore, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this action in writing. 5 Cir. R. 18; *see* Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526; Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, 805–808.

Alabama license plate. Movant purchased a 1966 Mustang on or about December 10, 1966, some ten days after the Mustang was stolen. On January 5, 1967, F.B.I. Agent Albert D. Millard examined movant's vehicle at Rossville, Georgia, and found that it bore a loosely fitted serial plate on the doorpost which had been removed from a 1966 Mustang which had been wrecked in Dayton, Tennessee. The true identification number on the Mustang in movant's possession was the same identification number of the vehicle stolen from Mr. Simmons at Albertsville, Alabama, on December 2, 1966, and its identity was completely established.

At trial, movant denied the car was stolen, and contended that he did not believe or know at the time he bought the car that it was stolen, and that he had no such knowledge at any time he had the car in his possession. He further testified that he never paid any attention to the serial plate on the doorpost. He testified that he bought and financed the car through a bank and that a Justice of the Peace who lived near him prepared the bill of sale. No papers were introduced at the trial in support of this statement.

In support of his extraordinary motion for new trial, movant has now produced a purported conditional sales contract and affidavits from Terrell McGill, John Richard Alexander, Nolan L. Newman, James Larry Shaw, C. L. Powell, and James Harmon, which movant contends shows that he did not have in his possession the stolen 1966 Mustang belonging to Mr. Simmons of Albertsville, Alabama.

A motion for new trial upon the ground of newly discovered evidence is not regarded with favor, and will be granted only with great caution. United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1946); Robinson v. United States, 345 F.2d 1007 (10 Cir. 1965) cert. den. 382 U.S. 839, 86 S.Ct. 87, 15 L.Ed.2d 81; Long v. United States, 139 F.2d 652 (10 Cir. 1944). It is well settled that a new trial will not be granted where the newly discovered evidence is merely cumulative or of an impeaching nature. It must be material to the issues involved and to be of such a nature that upon a new trial a different result would likely be reached. Berry v. State of Georgia, 10 Ga. 511, 527 (1851); United States v. Costello, 255 F.2d 876 (2nd Cir. 1958). It is too well settled that a new trial is not warranted by evidence which, with reasonable diligence, could have been discovered and produced at the trial. Grant County Deposit Bank v. Greene, 200 F.2d 835 (6th Cir. 1952) and authorities cited therein; Wright v. United States, 353 F.2d 362 (9th Cir. 1965) and authorities cited therein.

Virtually all of the newly discovered evidence relied upon related to statements made by witnesses who testified at the trial, or persons who knew the movant as a personal friend, and had a close acquaintance with him, even to the extent of riding in the stolen car several times prior to the arrest of the movant. The nature of the attached affidavits are merely impeaching of their prior testimony or statements and merely affects the credibility of the prior evidence.

However, since Rule 33 suggests that the Court should be sensitive to any evidence which might show the original trial resulted in a miscarriage of justice and weigh it carefully against the interest in finality and adherence to procedural requirements, it is advisable, that the statements of the co-defendants in trying to exonerate the movant, be given careful consideration.

*The affidavit of Nolan L. Newman.*

The affidavit of Newman, a co-defendant, who testified at the trial, but took the Fifth Amendment, only states that he is of the opinion that the car movant owned was not the car he himself stole in Alabama. However, Newman's statement to the FBI Agent was that he and one other defendant carried the car to movant's house and movant agreed to buy the car or get rid of it for them. Newman said he received $14.00 of the $125.00 Overton paid them for the car.

*The affidavit of Terrell McGill.*

The essence of McGill's statement is that he would testify that he was certain that the car movant owned was not the car he himself stole. His statement to the FBI Agent is that the other defendants had sold the car for $125.00 and his share was $14.00. He was not present at the sale of the vehicle.

*The affidavit of John Richard Alexander.*

The gist of this statement is that he is certain the car movant owned was not the one he himself stole. He thinks the vehicle he was convicted of stealing was driven off into a rock quarry. Alexander also informed the FBI Agent that two other defendants told him they had sold the car to the movant.

*The affidavit of James Larry Shaw.*

This statement only points up the fact that Shaw does not think the car movant was convicted of possessing is the car that he himself stole. However, his statement to the FBI Agent shows he sold the car to movant for $125.00.

The above affidavits are from co-defendants who have been convicted in this case and have already served their terms of imprisonment for the theft of the vehicle stolen in Alabama.

*The affidavit of C. L. Powell, Jr.*

Powell, a former deputy sheriff of Walker County, stated he sold movant a two-way radio and helped him install the unit in the car. He further stated he talked with a co-defendant, who stated movant did not know the car was "hot."

*The affidavit of James Harmon.*

Harmon, movant's brother-in-law, stated he was with movant when he purchased the car. He stated movant paid $1,700 for the car and obtained a bill of sale for the car from the Justice of the Peace. He stated nothing looked suspicious to him.

Harmon's statement is the only one which could possibly shed light on the subject if a new trial was granted. However, Harmon could have been available to testify and movant knew what he would testify prior to trial. The fact that Harmon was in Texas and not notified would not be newly discovered evidence.

Even if the motion were granted, it is this Court's conclusion that the evidence would not probably produce an acquittal.

The extraordinary motion for new trial is, therefore, denied.

It is so ordered.

This the 14th day of April, 1969.

(Signed) SIDNEY O. SMITH, JR.
Sidney O. Smith, Jr.
United States District Judge