**In the Matter of Larry GREEN.**

**No. 5638.**

District of Columbia Court of Appeals.

Argued June 23, 1971.

Decided Aug. 23, 1971.

Roger M. Gregory, Jr., for appellant.

Leo N. Gorman, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

Before FICKLING, KERN and REILLY, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted in Juvenile Court of felony murder, robbery, unauthorized use of a vehicle, and possession of a pistol. The only issue raised which merits any discussion is whether the trial judge abused his discretion when he denied appellant's request for a continuance. We find no abuse, therefore, we affirm.

It is undisputed that appellant, with another juvenile and an adult named Coleman, participated in a robbery in which the victim was killed by gunshot. Coleman was awaiting trial in the United States District Court on charges arising out of this incident when appellant was brought to trial in the Juvenile Court. Appellant requested a continuance until after Coleman's trial on the ground that if Coleman testified, he would support appellant's testimony that one Miles, the other juvenile, was the "trigger man" in this holdup. The motion was denied. During appellant's trial, Coleman was called to testify but declined, claiming the fifth amendment.

The granting of a continuance is within the sound discretion of the court. When a party is seeking a continuance because there is a missing witness, "he must show that there is a probability that the absent [witness] would be available if the case were continued." Slaughter v. United States, D.C.Mun.App., 60 A.2d 700 (1948); 17 Am.Jur.2d Continuance § 29. Here there was no missing witness. Coleman was present and was called as a witness. The problem was that he could not be compelled to testify and there was no reasonable probability that he could be so compelled in the near future. In fact, at the time of this appeal it appears that he still

could not be compelled to testify.[1] Under these conditions we can hardly say that the denial of the continuance was an abuse of discretion. Since the record supports the trial judge's finding that appellant was the "trigger man," we need not reach the correctness of the alternate finding that appellant would also be liable under the "aiding and abetting" statute, D.C.Code 1967, § 22–105.

Affirmed.

1. We are informed by counsel that Coleman pleaded guilty to certain charges and the murder charge was dropped.