**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jimmy Richard HAYNES et al.,
Defendants-Appellants.**

**No. 71-2314.**

United States Court of Appeals,
Fifth Circuit.

April 11, 1972.

L. Drew Redden, John S. Tucker, Jr., Birmingham, Ala., for Jimmy Richard Haynes and Henry Rogers.

Arthur Parker, J. Louis Wilkinson, Birmingham, Ala., for Roland Burgess.

Wayman G. Sherrer, U. S. Atty., Albert C. Bowen, Jr., Asst. U. S. Atty., Birmingham, Ala., for the United States.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

Appellants Jimmy Richard Haynes, Henry Rogers and Charles Roland Burgess were indicted with Grover Jesse Haynes and Grover Donald Haynes for violation of 18 U.S.C. § 2313.[1]

The indictment charged that the five "did knowingly, unlawfully and feloniously receive, conceal, barter, sell, and dispose of a stolen motor vehicle, to-wit: a 1967 Volkswagen, and which was then and there moving as, was a part of, and constituted interstate commerce, knowing the motor vehicle to have been stolen."

The evidence adduced at trial developed that when a Miss Nancy Mishoe awoke on the morning of January 8, 1969, she discovered that her 1967 Volkswagen Beetle had been stolen from the street in front of her Atlanta, Georgia apartment. A green Volkswagen Beetle identifiable as Miss Mishoe's by certain distinctive scratches and containing a pair of prescription glasses belonging to Miss Mishoe's sister, was observed by a paid FBI informant in a garage at Haynes Used Auto Parts located in Anniston, Alabama, on January 15, 1969. The car, the informant observed, was being worked on by appellants Burgess and Rogers, who were known to frequent the Haynes garage, and were not, as was the informant, employed by Haynes. The informant testified that appellant Burgess, with the informant's assistance, recoupled the gas gauge of the vehicle. Omitting any further reference to Burgess, the informant detailed how appellant Rogers removed the seats and other distinctive marks[2] from the Volks-

---

1. "§ 2313. Sale or receipt of stolen vehicles
   Whoever receives, conceals, stores, barters, sells, or disposes of any motor vehicle or aircraft, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

2. The material removed included a glove compartment door which bore distinctive scratches and which was introduced at trial after being identified by Miss Mishoe as coming from her Volkswagen.

wagen. The informant copied an engine block number from a Volkswagen engine which was lying in the garage. Records indicated that the engine bearing that number was installed in the Volkswagen sold to Miss Mishoe in 1966. This same engine was installed by the informant at the request of appellant Jimmy Richard Haynes into Jimmy Haynes' dune buggy.

Expert testimony indicated that the body of Miss Mishoe's Volkswagen had been removed from its chassis and placed on another Volkswagen chassis. The evidence further demonstrated that appellant Jimmy Richard Haynes negotiated the sale of a hybrid rebuilt green Volkswagen, the same automobile as that bearing the body of Miss Mishoe's car. The sale was made to an innocent third party.

The district court granted Grover Donald Haynes' and Grover Jesse Haynes' motions for judgments of acquittal, Donald's before the case was submitted to the jury and Jesse's after the verdict was returned. The court denied each of the appellants' similar motions. On this appeal we are not concerned with the correctness of the district court's actions regarding Grover Donald Haynes and Grover Jesse Haynes. We agree, however, with appellant Burgess that the district court erred in denying his motion for judgment of acquittal and as to him we reverse.

■ The evidence of Burgess' participation in this case shows nothing more than association with appellant Rogers and slight work on the Volkswagen. The evidence fails to prove knowledge on his part that the vehicle had been stolen, an essential element.

■ With appellants Rogers and Jimmy Richard Haynes, however, we disagree and affirm. As indicated above, there was ample evidence of acts of concealment and sale performed by these appellants which a reasonably minded jury might accept as adequate to support a conclusion of their guilt beyond a reasonable doubt. United States v. Knox, 458 F.2d 612 (5th Cir., 1972); United States v. Crane, 445 F.2d 509 (5th Cir., 1971).

Appellants Rogers and Jimmy Richard Haynes additionally challenge the prosecution's use of the presumption arising from recent possession of stolen goods in their closing argument. The appellants assert that an argument stated in terms of a defendant's unexplained recent possession of stolen property may not be used when the defendant rests at the close of the Government's case lest it amount to a comment upon defendant's exercise of a Fifth Amendment privilege.

Certainly the Government may not directly comment on appellants' exercise of their Fifth Amendment privilege, or on their refusal to take the stand. United States v. Rhoden, et al., 453 F.2d 598 (5th Cir., 1972); United States v. Bursten, 453 F.2d 605 (5th Cir., 1971). As we stated in *Bursten, supra,* however:

"Commentary on the defense strategy of putting the Government to its proof may . . . be proper so long as it does not amount to a veiled invitation to the jury to consider the defendant's refusal to testify . . . . [Citations omitted.] Not every characterization of the evidence or of the defendant's case made in the course of advocacy is to be taken as a comment on the defendant's refusal to testify." 453 F.2d 605, at 610.

■ The thrust of the inquiry into the matter is not whether the comment was directed to a culpatory inference but whether it was directed toward the failure of the defendants themselves to testify. Simply because the defendants in a case elect not to proceed with a defense does not eliminate the prosecution's right to rely on any inferences to be drawn from recent possession of stolen goods. It does require that the court exercise special care in its charge to the jury. Fitzpatrick v. United

States, 410 F.2d 513 (5th Cir., 1969); Knowles v. United States, 224 F.2d 168 (10th Cir., 1955). The court's charge in this case demonstrates the necessary care for appellants' Fifth Amendment rights. The court's oral charge on the issue is as follows:

"Possession of property recently stolen if not satisfactorily explained is a circumstance from which the jury may reasonably draw the inference and find that the person in possession knew the property had been stolen. The same inference may reasonably be drawn from a false explanation of such possession.

"The term 'recently' is a relative term which has no fixed meaning. Whether property may be considered as recently stolen depends upon the nature of the property and all the facts and circumstances shown by the evidence. The longer the period of time since the theft, the weaker the inference which may be drawn from unexplained possession.

"In considering whether possession of recently stolen property has been satisfactorily explained, the jury will bear in mind that in the exercise of constitutional rights the accused need not take the witness stand and testify. Possession may be satisfactorily explained through other circumstances, other evidence, independent of any testimony of the accused."

We have examined the remainder of appellants' assertions that their trial was so prejudiced that a new trial was required and we find them to be without merit.

The judgment of conviction as to appellants Jimmy Richard Haynes and Henry Rogers is affirmed and the judgment as to appellant Burgess is reversed with instructions to grant his motion for judgment of acquittal.

Affirmed in part, reversed in part, and remanded with instructions.