**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James E. KNIGHT, Defendant-**
**Appellant.**

No. 74–1781.

United States Court of Appeals,
Fifth Circuit.

Dec. 16, 1974.

---

George D. McCrary, III, Warner Hodges, Memphis, Tenn., for defendant-appellant.

H. M. Ray, U. S. Atty., Alfred E. Morton, III, Asst. U. S. Atty., Oxford, Miss., for plaintiff-appellee.

Before COLEMAN, CLARK and RONEY, Circuit Judges.

COLEMAN, Circuit Judge.

A grand jury for the Northern District of Mississippi indicted the appellant, James E. Knight, in one count, as follows:

"That on or about December 30, 1972, in DeSoto County, Mississippi, James E. Knight received and concealed a stolen 1973 Lincoln Continental Mark IV, automobile moving in interstate commerce from in or near Chicago, Illinois, to DeSoto County in the Northern District of Mississippi, knowing the said motor vehicle to have been stolen; in violation of Section 2313, Title 18, United States Code."

After a two day trial and considerable manifestation of doubt on the part of the jury as evidenced by two requests for additional instructions from the Court, Knight was convicted. After a comprehensive sentence hearing, the District Court, indicating considerable sympathy for the defendant as to the predicament in which he found himself, but nevertheless believing that the law required it, sentenced Mr. Knight to imprisonment for two years, suspended 18 months of the sentence, required that he serve six months in a jail-type or treatment institution, and placed him on supervised probation for three years. He was allowed to stand aside for 30 days under the existing bond in order to make necessary arrangements for the beginning of his sentence.

**114**

By retained counsel, Mr. Knight has appealed. He has had the benefit of extensive and thoroughly prepared briefs in his behalf, as well as oral argument.

■ Both issues, knowing receipt and knowing concealment of the stolen Lincoln, were thoroughly explored. We have read, in full, the evidentiary appendix and we are convinced that, in the resolution of credibility issues and the application of reasonable inferences, there was ample evidence to support a conviction on both features of the charge.

■ At the close of the government's proof, defendant's motion for a directed verdict was properly denied because at that point there was enough evidence to make a prima facie case of unlawfully and knowingly receiving a stolen vehicle moving in interstate commerce.

The defendant then put on his proof, which, no doubt unexpectedly, uncovered an intensive, far flung web of concealment, woven by the defendant. Much of this came from the relentless cross examination of the defendant himself, who made the mistake of taking the witness stand and forthwith was forced to disgorge immensely damaging testimony which the government had not been able to develop by its own proof.

Turning to other issues raised by diligent counsel, who are to be congratulated for a fine effort to salvage a difficult case, we find no reversible error in the comprehensive charge originally given by the Court nor in the supplemental charges, particularly since there was no objection to the second supplemental which might more nearly be open to a fatal construction, Rule 30, Fed.R.Crim. P.

■ Neither do we find any merit in the argument concerning improper venue, since there was no objection at the trial, 28 U.S.C. § 1406(b), Yeloushan v. United States, 5 Cir., 1964, 339 F.2d 533.

■ We cannot sustain the argument that there was error in the following instruction:

"Possession of property recently stolen, if not satisfactorily explained, is a circumstance from which the jury may reasonably draw the inference and find that the person in possession knew the property had been stolen."

The giving of this instruction in proper cases has been repeatedly upheld in this Circuit. See, e. g., Overton v. United States, 5 Cir., 1968, 405 F.2d 168.

■ The final assignment of error raises the following issue:

"Should the judgment be allowed to stand in view of the fact that the defendant took the stand under the influence of alcohol arising from his affliction with the disease of alcoholism?"

The problem with this assignment is that it was in no manner raised at trial. So far as the record before us shows, Mr. Knight took the witness stand voluntarily. Nothing was said by anybody about intoxication or the appearance of it. We, therefore, cannot consider it. If there is anything to this point, legally or factually, it will have to be explored by methods other than a direct appeal.

The jury could have found the appellant "not guilty" and it would appear from the record that it may have come very near doing so. The determinative fact is, however, that it found him guilty, there was evidence enough to support the verdict, and there was no prejudicial error in the conduct of the trial.

That being so, we must, and do,

Affirm.