UNITED STATES of America, Plaintiff-Appellee,

v.

Doyle Ray HENDERSON, Defendant-Appellant.

No. 74–4024.

United States Court of Appeals, Fifth Circuit.

Dec. 11, 1975.

Melvin E. Thompson, Jr., Atlanta, Ga. (Court-appointed), for defendant-appellant.

John W. Stokes, U. S. Atty., William F. Bartee, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BELL, THORNBERRY and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Appellant Doyle Ray Henderson appeals from a judgment of conviction under an indictment charging violation of 18 U.S.C. § 659 which prohibits the knowing possession of chattels which have been stolen from interstate commerce. Appellant was tried with co-defendant Thomas W. Franklin before the District Court for the Northern District of Georgia, and both defendants were convicted. Both defendants filed notices of appeal and this court reversed Franklin's conviction and remanded for a new trial in *United States v. Franklin,* 471 F.2d 1299 (5th Cir. 1973). Subsequent to his filing a notice of appeal, appellant Henderson escaped from custody and his appeal was dismissed without prejudice. By an order dated November 27, 1974, appellant's motion to reinstate his appeal was granted. Appellant argues, *inter alia,* that the district court erred in failing to grant his motion for judgment of acquittal. We agree with appellant's contention and reverse his conviction.

On or about May 1, 1971, a tractor trailer was discovered missing from Tompkins Motor Lines yard in Atlanta, Georgia. The trailer had contained a large amount of Kraft food products which were to be shipped from Decatur, Georgia, to Newberry, South Carolina. At trial, government witnesses testified that the police discovered at defendant Franklin's store in Atlanta several Kraft products which had been contained in the missing shipment. Moreover, one George Medley, an employee of Franklin's store, testified that on Sunday, May 2, 1971, a Tompkins Motor Line trailer was being unloaded by six or seven men into the basement of Franklin's store. Medley testified that the goods later identified as stolen were part of the shipment unloaded on Sunday morning.

The government properly conceded at oral argument that the only evidence connecting appellant Henderson with the stolen goods was the testimony of Medley.[1] On direct examination Medley's testimony concerning Henderson consisted primarily of responses to two questions. First, the government asked, "Did you see anything else there, sir?" Medley responded, "Well, Mr. Henderson was there that day." Second, the government asked, "What was Mr. Henderson doing there?" The reply was, "Well, he was in the basement once." Those two statements were essentially all that was elicited by the government on direct from Medley concerning Henderson.[2]

On cross-examination Henderson's counsel asked Medley, "Was he (Henderson) alone or with someone else?" Medley responded, "It seemed like he was with the men in the basement." In contradistinction, Henderson's counsel elicited from Medley that the only time Medley could place Henderson in the basement was when Henderson had accompanied Medley to the basement. Medley testified that at no time did he see Henderson unload the truck or direct the unloading of the truck or touch any of the stolen goods in any way. Nor did

---

1. After the government rested, Franklin testified in his own defense and he implicated Henderson in the theft of the trailer. In reviewing a denial of a motion for acquittal presented at the close of the government's case, however, only evidence presented at the time of the motion can be considered. Fed.R.Cr.P. 29(a); *United States v. Knight,* 505 F.2d 112 (5th Cir. 1974); *Franklin v. United States,* 117 U.S.App. D.C. 331, 330 F.2d 205 (1964).

2. Medley also testified that he had observed Henderson speaking to Franklin both on Sunday morning and a few days previously. Since Medley did not overhear the conversations or had any idea of what was discussed, it is difficult to understand the government's contention that these conversations are probative.

he see Henderson communicate at all with any of the six or seven men who were unloading the stolen goods in the basement. Finally, Medley could not remember when Henderson arrived or when he departed.

This court, as well as several others, has held that the mere presence of an individual in the vicinity of stolen goods is not sufficient in itself to support a conviction. In *United States v. Haynes,* 459 F.2d 106 (5th Cir. 1972), this court reversed the conviction[3] of a defendant who had been present at a garage where a stolen car was kept and who had done some minor repairs on that stolen car. This court held that in order to withstand a motion for acquittal, additional evidence was required that the defendant knew the vehicle was stolen or had participated in the robbery. Other courts have agreed. For example, in *United States v. Vilhotti,* 452 F.2d 1186 (2nd Cir. 1971), the court held that the mere presence of two defendants in a garage was insufficient, as a matter of law, to support a conviction under § 659. The court invalidated the convictions even though the government demonstrated at trial that the sole function of the garage was as a storage point for stolen goods. *See also United States v. Kearse,* 444 F.2d 62 (2nd Cir. 1971). Finally, in *United States v. O'Brien,* 174 F.2d 341 (7th Cir. 1949), the court reversed a conviction where the appellant had been sitting with the co-defendant in the latter's truck before stolen goods were found in the truck. There can be no question that the evidence elicited from Medley on direct examination that Henderson was present at the store was insufficient as a matter of law to withstand a motion for acquittal.

The only question that remains is whether Medley's statement that "It seemed like he (Henderson) was with the men in the basement" elevates the government's evidence to something more than mere presence at the store. We hold that it does not. Medley's con-

clusionary statement, without more, is of almost no evidentiary value. Medley never related any facts to support his conclusion. He testified that Henderson did not talk to the men in the basement, did not aid them at all in unloading the truck, did not move or touch the goods either on the truck or in the basement, and did not mention the goods in any way to Medley. Also, there was no evidence that Henderson arrived with the men who were delivering the stolen merchandise or departed with them. The government never asked Medley either on direct or redirect what he meant by "It seemed that he (Henderson) was with the men in the truck" or on what facts Medley based his conclusion. With no factual basis for Medley's conclusion present in the record, the government's evidence concerning Henderson boils down to the fact that Henderson was at the store on the morning of May 2. Presence at the store certainly cannot be sufficient evidence to convict for violation of § 659.

Simply stated, there was no evidence in this case that Henderson had actual or constructive possession of the goods or that Henderson was aware that the goods were stolen. Even taking the view most favorable to the government, as we must on appeal, *see Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1952), there was simply no evidence from which a jury might conclude beyond a reasonable doubt that all the elements of the offense had been proven. *See, e. g., United States v. Knox,* 458 F.2d 612 (5th Cir. 1972). The judgment as to appellant Henderson is reversed. If the government is able to present additional evidence within a reasonable time it may do so, and in view of that possibility the case is remanded for further proceedings not inconsistent with this opinion. *See Bryan v. United States,* 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1949); *Montoya v. United States,* 402 F.2d 847 (5th Cir. 1968).

Reversed and remanded.

---

3. The *Haynes* case dealt with a conviction under 18 U.S.C. § 2313 which prohibits the sale or receipt of vehicles stolen in interstate commerce.